EL PUEBLO DE PUERTO RICO, recurrido, *v.* LUIS ECHEVARRÍA ARROYO, peticionario.

*Número:* CC-2001-19          *Resuelto:* 11 de junio de 2002

*José Manuel Cruz Ellis* y *Giovanni Irizarry Sierra*, abogados del peticionario; *Roberto J. Sánchez Ramos, procurador general, Vanessa Lugo Flores, subprocuradora general*, y *Mayra J. Serrano Borges, procuradora general auxiliar*, abogados de El Pueblo.

## SENTENCIA

El 25 de junio de 1999 —en horas de la tarde y en la jurisdicción de Aguadilla, Puerto Rico, Sector La Marina— el agente de la Policía de Puerto Rico, José A. Vargas, alegadamente pudo observar a una persona llevar a cabo en la vía pública lo que, conforme su entrenamiento y experiencia, constituía cuatro transacciones de drogas de parte de un individuo que resultó llamarse Pedro Santiago Pérez. Conforme la declaración del agente Vargas, la droga era "guardada" en una *bolsa dentro de un automóvil marca Oldsmobile, bolsa de droga que el referido agente había*

*observado que le había si . proporcionada horas antes a Santiago Pérez por el aqu peticionario Luis Echevarría Arroyo.*

Luego del agente Vargas ausentarse del lugar por espacio de veinticinco minutos, al regresar procedió a arrestar —sin orden alguna— a Santiago Pérez, luego de lo cual procedió a registrar —nuevamente sin orden alguna— al antes mencionado vehículo Oldsmobile, localizando en su interior la bolsa que anteriormente había observado, la cual contenía sesenta y tres sobres con picadura de marihuana.

Con motivo de la declaración que sobre los referidos hechos prestara el agente Vargas se determinó causa probable para arresto, en lo pertinente, contra Echevarría Arroyo por una supuesta infracción al Art. 401 de la Ley de Sustancias Controladas de Puerto Rico, 24 L.P.R.A. sec. 2401, procediéndose a la *confiscación* del vehículo Oldsmobile. Procede que se señale, *y enfatice*, el hecho de que el Estado le *notificó* de la confiscación realizada a Echevarría Arroyo, *conforme se exige* que se haga al "dueño, encargado o persona con derecho o interés en la propiedad ocupada". 34 L.P.R.A. sec. 1723b.

Habiéndose determinado causa probable para acusar, y presentado el correspondiente pliego acusatorio ante la Sala de Aguadilla del Tribunal de Primera Instancia, Echevarría Arroyo solicitó la supresión de la evidencia —la bolsa— ocupada en el registro, *sin orden*, del automóvil. El Estado oportunamente se opuso mediante escrito a esos efectos. El tribunal de instancia celebró una vista —*no evidenciaria*— en la cual las partes *argumentaron oralmente* sus respectivas posiciones.

El tribunal de instancia *denegó* la supresión solicitada por el fundamento de que Echevarría Arroyo no tenía "legitimación activa" (*standing*) para solicitarla. Insatisfecho, éste acudió al Tribunal de Circuito de Apelaciones en revi-

sión de dicha determinación. El foro apelativo intermedio *confirmó* la decisión del tribunal de instancia.

Inconforme, Luis Echevarría Arroyo acudió ante este Tribunal, vía *certiorari*, imputándole al tribunal apelativo haber errado

> ... al resolver que un acusado no tiene capacidad jurídica para impugnar la actuación inconstitucional de agentes del Estado al realizar un registro ilegal en un automóvil de su propiedad por el mero hecho de no ser el dueño registral del mismo ante el Departamento de Transportación y Obras Públicas, *todo ello a pesar que la Defensa hizo un ofrecimiento de prueba con el peticionario a los efectos que el vehículo en controversia le pertenecía a él*, lo cual a su vez nunca fue impugnado, refutado y de ningún modo puesto en duda por prueba alguna ofrecida por el Ministerio Público; *y sin tampoco importarle el hecho que el Estado reconoció el interés propietario del acusado sobre el referido vehículo al notificarle a él su derecho a impugnar civilmente la confiscación del mismo.*
>
> ... al resolver que un acusado puede impugnar judicialmente la actuación ilegal de agentes del Estado en un procedimiento de confiscación de un automóvil de su propiedad pero no puede impugnar esa *misma* actuación ilegal en un procedimiento criminal que amenaza su libertad por alegada falta de capacidad jurídica, convirtiendo de esta forma a los Tribunales en cómplices de actos de desobediencia a nuestra Constitución. (Énfasis suplido.) Petición de *certiorari*, págs. 8–9.

*Expedimos* el recurso. Estando en posición de resolverlo, procedemos a así hacerlo.

## I

La Regla 234 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, *actualmente* dispone que:

> La persona agraviada por un allanamiento o registro ilegal podrá solicitar del tribunal al cual se refiere la Regla 233 la supresión de cualquier evidencia obtenida en virtud de tal allanamiento o registro, o la devolución de la propiedad, *por cualquiera de los siguientes fundamentos*:

(a) Que la propiedad fue ilegalmente ocupada sin orden de allanamiento o registro.

(b) Que la orden de allanamiento o registro es insuficiente de su propia faz.

(c) Que la propiedad ocupada o la persona o sitio registrado no corresponde a la descripción hecha en la orden de allanamiento o registro.

(d) Que no había causa probable para creer en la existencia de los fundamentos en que se basó la orden de allanamiento o registro.

(e) Que la orden de allanamiento fue librada o cumplimentada ilegalmente.

(f) Que es insuficiente cualquier declaración jurada que sirvió de base a la expedición de la orden de allanamiento porque lo afirmado bajo juramento en la declaración es falso, total o parcialmente.

En la moción de supresión de evidencia *se deberán exponer los hechos precisos o las razones específicas que sostengan el fundamento o fundamentos en que se basa la misma.* El tribunal oirá prueba sobre cualquier cuestión de hecho necesaria para la resolución de la solicitud. De declararse con lugar la moción, la propiedad será devuelta, si no hubiere fundamento legal que lo impidiere, y no será admisible en evidencia en ningún juicio o vista. La moción se notificará al fiscal y se presentará cinco (5) días antes del juicio a menos que se demostrare la existencia de justa causa para no haberla presentado dentro de dicho término o que al acusado no le constaren los fundamentos para la supresión, o que la ilegalidad de la obtención de la evidencia surgiere de la prueba del fiscal. (Énfasis suplido.)

Resulta importante enfatizar que lo requerido por la *primera oración* del *segundo párrafo* de la transcrita disposición reglamentaria —a los efectos de que en "la moción de supresión de evidencia se deberán exponer los hechos precisos o las razones específicas que sostengan el fundamento o fundamentos en que se basa la misma" (34 L.P.R.A. Ap. II, R. 234)— *clara y exclusivamente se refiere a los fundamentos enumerados* —del inciso (a) al (f)— *en el primer párrafo de la citada Regla 234,* oración que fue incorporada a la misma por la Asamblea Legislativa mediante la Ley Núm. 65 de 5 de julio de 1988.

Así lo determinamos y resolvimos en *Pueblo v.*

*Maldonado, Rosa*, 135 D.P.R. 563 (1994). Citando con aprobación la posición asumida por el Procurador General de Puerto Rico en dicho caso, expresamos que, *en vista de la acción legislativa antes mencionada,*

> ... ya no basta con que el promovente de la moción de supresión [de evidencia] *escuetamente* alegue [en ella] uno de los *fundamentos* que se enumeran en la referida Regla 234 de Procedimiento Criminal; ahora la citada Regla 234 *exige* que se expongan 'los hechos precisos o las razones específicas que sostengan el fundamento o fundamentos en que se basa la misma moción ....." (Énfasis en el original suprimido y énfasis suplido.) Íd., pág. 569.

En otras palabras, la norma que a los efectos antes mencionados establecimos en *Maldonado Rosa*, ante, fue consecuencia directa, o por imperativo, de la acción legislativa enmendatoria de la citada Regla 234 de Procedimiento Criminal.

Posteriormente, en *Pueblo v. Blase Vázquez*, 148 D.P.R. 618 (1999), *ratificamos* la norma establecida en *Pueblo v. Maldonado Rosa*, ante, y establecimos la *norma adicional* a los efectos de que, en casos en que la evidencia delictiva es incautada *sin* previa orden judicial, y el acusado promovente aduce hechos o fundamentos que reflejan la ilegalidad de la incautación, *el tribunal no puede denegar la solicitud sin celebrar una vista en la que el Ministerio Público vendrá obligado a refutar la presunción de ilegalidad del registro o incautación.*

*En resumen,* y conforme las disposiciones de la citada Regla 234 de Procedimiento Criminal y de su jurisprudencia interpretativa, *la norma vigente en nuestra jurisdicción, respecto a esta materia, es a los efectos de que*: cuando se trata de evidencia incautada mediando previa orden judicial, un tribunal de instancia *no puede* declarar *sin* lugar una moción de supresión de evidencia, *sin* previa celebración de vista, *cuando la parte promovente demuestra que existe una controversia sustancial de hechos que hace nece-*

*saria la celebración de una vista evidenciaria*; en ausencia de tal demostración, el tribunal podrá adjudicar la moción sin una vista previa. *Por otro lado*, si se trata de la supresión de evidencia incautada *sin* previa orden judicial y el acusado promovente *aduce* hechos o fundamentos que reflejan la ilegalidad de su registro, allanamiento o incautación, el tribunal *no* puede denegar la solicitud *sin* celebrar una vista evidenciaria, ocasión en la que el Ministerio Público vendrá obligado a refutar la presunción de ilegalidad del registro o incautación.

En el presente caso, el peticionario cumplió plenamente con las disposiciones de la Regla 234 de Procedimiento Criminal, ante, y con su jurisprudencia interpretativa al presentar la moción de supresión de evidencia; esto es, alegó hechos específicos demostrativos de la existencia de una controversia sustancial, *situación que requería la celebración de una vista evidenciaria.*

■ La citada Regla 234 de Procedimiento Criminal *no exige*, como tampoco nuestra jurisprudencia, que el promovente de una moción de supresión exponga o alegue, en ella, de forma específica y detallada, los hechos particulares que configuran su expectativa de intimidad y la forma en que el Estado se la infringió.([1])

## II

Por último, y en relación con el planteamiento sobre la "expectativa de intimidad", resulta procedente cuestionarse: ¿Qué mejor demostración prima facie de legitimación activa (*standing*) podía hacer el peticionario Echevarría Arroyo, en su moción de supresión, que una alegación —corroborada por prueba documental— a los efectos de que el Estado entendió procedente y necesario notificarle de la confiscación realizada?

---

([1]) *Como erróneamente se sostiene en la opinión disidente.*

■ Debemos mantener presente el hecho de que la Ley Uniforme de Confiscaciones de 1988 *exige* que el Estado, luego de proceder a la incautación de un vehículo de motor, la notifique al "dueño, encargado o persona con derecho o interés en la propiedad ocupada".([2]) El Estado, al así actuar en el presente caso, reconoció —cuando menos, prima facie— que el peticionario Echevarría Arroyo era o el "dueño" del vehículo confiscado o, cuando menos, una persona con "derecho o interés" en éste. Dicha situación obligaba al tribunal de instancia a celebrar una *vista evidenciaria* en la cual el peticionario tendrá la oportunidad de ofrecer la prueba anunciada por él a los efectos de que es el dueño del vehículo Oldsmobile que había sido confiscado.

Por los fundamentos antes expuestos, *se dicta Sentencia revocatoria de la emitida en el presente caso por el Tribunal de Circuito de Apelaciones, devolviéndose el mismo al Tribunal de Primera Instancia para procedimientos ulteriores compatibles con lo aquí expuesto.*

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado Señor Rivera Pérez emitió una opinión disidente, a la cual se unió el Juez Asociado Señor Corrada Del Río. El Juez Asociado Señor Fuster Berlingeri no intervino.

(*Fdo.*) Patricia Otón Olivieri
*Secretaria del Tribunal Supremo*

---

([2]) Véase Art. 4 de la Ley Uniforme de Confiscaciones de 1988 (34 L.P.R.A. sec. 1723b).

— O —

Opinión disidente emitida por el Juez Asociado Señor Rivera Pérez, a la cual se une el Juez Asociado Señor Corrada Del Río.

El presente recurso nos brindó la oportunidad de pautar norma sobre los requisitos con los que tiene que cumplir un acusado de delito que pretende la supresión de la evidencia ocupada, al amparo de la Regla 234 de Procedimiento Criminal,(¹) como persona alegadamente *agraviada* por la violación a su derecho constitucional a la intimidad, la privacidad y a que el Estado no lleve a cabo registros y allanamientos irrazonables en las áreas, lugares y propiedades en las que éste tiene derecho a disfrutar de tales garantías. ¿Es necesario que tal acusado de delito exponga por escrito, de manera detallada y específica, en qué forma resultó *agraviado* por la violación del Estado a tales derechos y garantías constitucionales y tener legitimación activa para hacer tal pedimento?

Este caso nos ofreció, además, la oportunidad de expresarnos, dentro de nuestra facultad normativa, en torno al efecto que tiene sobre la legitimación activa del promovente de una moción de supresión de evidencia la notificación que le realizara el Departamento de Justicia sobre la confiscación del vehículo donde fue ocupada la evidencia que se pretende suprimir. La Mayoría resuelve, mediante sentencia, que el acusado de autos, aquí peticionario, tiene legitimación activa para presentar su moción de supresión de evidencia, bajo las circunstancias fácticas del "caso y controversia" ante nos, por haber sido notificado por el Estado de la confiscación de un vehículo de motor utilizado en la conducta o acciones delictivas imputadas. Concluye que al así actuar, el Estado reconoció, cuando menos prima facie, que el aquí peticionario era el "dueño" del vehículo con-

---

(¹) 34 L.P.R.A. Ap. II.

fiscado o una persona con "derecho o interés" en él. Concluye, además, que "el peticionario cumplió plenamente con las disposiciones de la Regla 234 de Procedimiento Criminal y con su jurisprudencia interpretativa, al presentar la moción de supresión de evidencia; esto es, alegó hechos específicos demostrativos de la existencia de una controversia sustancial, situación que requería la celebración de una vista evidenciaria". Opinión mayoritaria, pág. 164. Respetuosamente disentimos.

## I

El 25 de junio de 1999, alrededor de las 4:00 de la tarde, el agente Edgar Ramos Vializ se encontraba prestando vigilancia en el Sector La Marina, intersección con la Calle José A. Vargas del Municipio de Aguadilla.[2] Cerca de las 4:30 de la tarde, observó a un individuo acercarse caminando al lugar y entregarle a otro una bolsa de papel, de la cual sustrajeron una bolsa plástica transparente que contenía múltiples sobres con picadura de marihuana.[3] El individuo que llegó caminando al lugar fue identificado por el agente como el Sr. Luis Echevarría Arroyo.[4] Éste se fue del lugar en una grúa color rojo rotulada "El Brujo" en el cristal delantero.[5] El otro individuo, de nombre Pedro Santiago Pérez, caminó hacia un vehículo marca Oldsmobile, que estaba estacionado al final de la Calle La Marina, depositando en el asiento delantero la bolsa que le entregó el Sr. Luis Echevarría Arroyo.[6]

Entre las 4:00 de la tarde y las 8:00 de la noche, el agente observó por lo menos tres transacciones entre el Sr. Pedro Santiago Pérez y otras personas que se acercaron a

[2] Apéndice del recurso de *certiorari*, pág. 54.
[3] Íd.
[4] Íd.
[5] Íd.
[6] Íd.

comprar marihuana.(⁷) Cada vez que se realizaba una transacción, el señor Santiago Pérez caminaba hasta el vehículo y sustraía del mismo la picadura de marihuana para venderla.(⁸) Alrededor de las 8:00 de la noche, el agente Ramos Vializ se retiró del lugar y no permaneció ningún otro agente del orden público vigilando el punto de drogas. El mencionado agente regresó veinticinco minutos más tarde, puso bajo arresto al Sr. Pedro Santiago Pérez y le hizo las advertencias correspondientes sobre sus derechos constitucionales.(⁹) Luego de haberlo puesto bajo arresto, el agente abrió la puerta del vehículo Oldsmobile y no encontró la bolsa de papel en el asiento delantero. Procedió entonces a registrar el vehículo, sin contar con una orden judicial, y encontró la referida bolsa de papel detrás del asiento delantero.(¹⁰) La bolsa contenía sesenta y tres sobres con picadura de marihuana.

Por esos hechos, el 29 de junio de 1999(¹¹) se presentó en ausencia un cargo por infracción al Art. 401 de la Ley de Sustancias Controladas de Puerto Rico(¹²) contra el Sr. Luis Echevarría Arroyo. Se determinó causa, se ordenó su arresto y se le impuso una fianza ascendente a la suma de cincuenta mil dólares ($50,000).(¹³) El fiscal ordenó la confiscación del vehículo, la cual le fue notificada al señor Echevarría Arroyo el 21 de julio de 1999.(¹⁴) En la vista preliminar se determinó causa probable para acusar al aquí peticionario y se señaló el juicio para el 19 de junio de 2000.(¹⁵)

El 1ro de junio de 2000, el señor Echevarría Arroyo pre-

---

(⁷) Íd.

(⁸) Íd.

(⁹) Íd., pág. 55.

(¹⁰) Íd.

(¹¹) Íd., pág. 40.

(¹²) 24 L.P.R.A. sec. 2401.

(¹³) Apéndice del recurso de *certiorari*, pág. 40.

(¹⁴) Íd., pág. 58.

(¹⁵) Íd., pág. 42.

sentó una Moción de Desestimación y Supresión de Evidencia,[16] en la cual alegó que no se había presentado evidencia sobre la distribución de narcóticos y solicitó la supresión de la evidencia por haberse obtenido mediante un registro ilegal. *Sin embargo, no alegó que fuera el dueño del vehículo ni que tuviera su posesión física y control al momento del registro.* El Ministerio Público presentó una Oposición a Moción de Desestimación y Supresión de Evidencia el 22 de junio de 2000, en la cual alegó que el registro había sido incidental al arresto y, por lo tanto, era válido. Arguyó, además, que se había presentado la prueba necesaria para sostener la acusación en esa etapa de los procedimientos.[17] El señor Echevarría Arroyo replicó al alegar que el registro no había sido incidental al arresto y que era ilegal, por lo cual era procedente la supresión de la evidencia.[18]

El 3 de agosto de 2000, el Tribunal de Primera Instancia *celebró una vista no evidenciaria*, en la cual se discutieron las mociones presentadas.[19] En dicha vista, las partes argumentaron sus respectivas posiciones y se sometió en evidencia la carta en la cual el Departamento de Justicia de Puerto Rico le informó al señor Luis Echevarría Arroyo de la confiscación del vehículo y la declaración jurada del agente que efectuó el arresto.

Mediante Resolución de 7 de agosto de 2000, el Tribunal de Primera Instancia declaró no ha lugar la solicitud de desestimación y de supresión de evidencia. En cuanto a esta última, el foro de primera instancia determinó que el Sr. Luis Echevarría Arroyo no tenía legitimación activa (*standing*) para solicitarla.[20]

Inconforme, el Sr. Luis Echevarría Arroyo presentó un

---

[16] Íd., pág. 44.

[17] Íd., pág. 49.

[18] Íd., pág. 51.

[19] Íd., pág. 56.

[20] Íd., pág. 38.

recurso de *Certiorari* y Moción en Auxilio de Jurisdicción ante el Tribunal de Circuito de Apelaciones el 7 de septiembre de 2000.[21] Le imputó como error al foro de primera instancia el haber declarado no ha lugar la solicitud de desestimación y la de supresión de evidencia. Mediante Resolución de 5 de diciembre de 2000, notificada y archivada en autos una copia el 6 de diciembre del mismo año, el tribunal intermedio apelativo denegó la expedición del auto solicitado y ordenó la continuación de los procedimientos.

El Sr. Luis Echevarría Arroyo recurrió oportunamente ante nos mediante un recurso de *certiorari*. Le imputó al foro intermedio apelativo la comisión de los errores siguientes:[22]

1. Incurrió en gravísimo error el Tribunal de Circuito de Apelaciones al resolver que un acusado no tiene capacidad jurídica para impugnar la actuación inconstitucional de agentes del Estado al realizar un registro ilegal en un automóvil de su propiedad por el mero hecho de no ser el dueño registral del mismo ante el Departamento de Transportación y Obras Públicas, todo ello a pesar de que la [d]efensa hizo un ofrecimiento de prueba con el peticionario a los efectos [de] que el vehículo en controversia le pertenecía a él, lo cual a su vez nunca fue impugnado, refutado y de ningún modo puesto en duda por prueba alguna ofrecida por el Ministerio Público; y sin tampoco importarle el hecho [de] que el Estado reconoció un interés propietario del acusado sobre el referido vehículo al notificarle a él su derecho a impugnar civilmente la confiscación del mismo.

2. Incurrió en gravísimo error el Tribunal de Circuito de Apelaciones al resolver que un acusado puede impugnar judicialmente la actuación ilegal de agentes del Estado en un procedimiento de confiscación de un automóvil de su propiedad pero no puede impugnar esa *misma* actuación ilegal en un procedimiento criminal que amenaza su libertad por alegada falta de capacidad jurídica, convirtiendo de esta forma a los [t]ribunales en cómplices de actos de desobediencia a nuestra Constitución. (Énfasis en el original.)

---

[21] Íd., pág. 12.

[22] Véase Recurso de *certiorari*, págs. 8–9.

## II

La Regla 234 de Procedimiento Criminal, *supra*, establece lo siguiente:

La persona *agraviada* por un allanamiento o registro ilegal podrá solicitar del tribunal al cual se refiere la Regla 233 la supresión de cualquier evidencia obtenida en virtud de tal allanamiento o registro, o la devolución de la propiedad, por cualquiera de los siguientes fundamentos:

(a) Que la propiedad fue ilegalmente ocupada sin orden de allanamiento o registro.

(b) Que la orden de allanamiento o registro es insuficiente de su propia faz.

(c) Que la propiedad ocupada o la persona o sitio registrado no corresponde a la descripción hecha en la orden de allanamiento o registro.

(d) Que no había causa probable para creer en la existencia de los fundamentos en que se basó la orden de allanamiento o registro.

(e) Que la orden de allanamiento fue librada o cumplimentada ilegalmente.

(f) Que es insuficiente cualquier declaración jurada que sirvió de base a la expedición de la orden de allanamiento porque lo afirmado bajo juramento en la declaración es falso, total o parcialmente.

*En la moción de supresión de evidencia se deberán exponer los hechos precisos o las razones específicas que sostengan el fundamento o fundamentos en que se basa la misma.* El tribunal oirá prueba sobre cualquier cuestión de hecho necesaria para la resolución de la solicitud. De declararse con lugar la moción, la propiedad será devuelta, si no hubiere fundamento legal que lo impidiere, y no será admisible en evidencia en ningún juicio o vista. La moción se notificará al fiscal y se presentará cinco (5) días antes del juicio a menos que se demostrare la existencia de justa causa para no haberla presentado dentro de dicho término o que al acusado no le constaren los fundamentos para la supresión, o que la ilegalidad de la obtención de la evidencia surgiere de la prueba del fiscal. (Énfasis suplido.)

Esta disposición le permite a una persona acusada de delito y sometida al rigor de un procedimiento criminal a solicitar la supresión de la evidencia ocupada por el Estado en un registro o allanamiento efectuado en forma y manera

que resulta en un *agravio* y violación a su derecho y garantía constitucional a una expectativa de intimidad y privacidad en determinadas áreas, lugares y propiedades.

La Constitución de Estados Unidos y la de Puerto Rico contienen protecciones contra registros y allanamientos irrazonables del Estado sobre las personas, sus casas, papeles y pertenencias.[23] El Estado llevará a cabo registros y allanamientos de propiedad privada siempre que exista causa probable apoyada en juramento o afirmación y un juez emita una orden a esos efectos.[24] Una incautación sin una orden judicial previa produce una presunción de invalidez sujeta a ciertas y limitadas excepciones, en las que figuran, entre otras, las siguientes: (1) el registro es incidental a un arresto legal; (2) el registro de un vehículo de motor cuando existe causa probable para creer que se transporta mercancía prohibida por ley y que ésta pueda ser destruida.[25] Un registro incidental y contemporáneo a su arresto legal no necesariamente está limitado a la persona del arrestado, sino que se extiende al área, al lugar o a la propiedad bajo su posesión, control y alcance inmediato.[26] El registro de un automóvil es una intrusión que la hemos considerado como menor en los derechos protegidos por la cláusula constitucional contra los registros y allanamientos irrazonables, porque regularmente una persona tiene menos expectativa de intimidad y privacidad en un vehículo de motor, porque éste generalmente se destina a la transportación y raras veces sirve de depósito de efectos o pertenencias.[27] El propósito de estos derechos y garantías constitucionales es el de proteger la esfera de la

---

[23] Véanse: Emda. Art. IV, Const. EE. UU., L.P.R.A., Tomo 1, pág. 182; Sec. 10, Art. II, Const. E.L.A., L.P.R.A., Tomo 1, ed. 1999, págs. 310–311.

[24] Íd.

[25] *Pueblo v. Rivera Rivera*, 117 D.P.R. 283 (1986); *Pueblo v. Costoso Caballero*, 100 D.P.R. 147 (1971).

[26] Íd.

[27] Íd. Nótese que de la declaración jurada del agente del orden público que intervino surge que el vehículo de motor en cuestión estaba siendo utilizado para depositar la mercancía prohibida por ley.

vida privada e intimidad de los ciudadanos frente a las actuaciones del Estado.[28] La Constitución de Puerto Rico dispone expresamente que la evidencia obtenida en violación a dicha garantía constitucional no será admisible en los tribunales.[29]

La historia y propósitos de la Cuarta Enmienda de la Constitución de Estados Unidos —antecesora y concordante de la citada Sec. 10 del Art. II de la Constitución de Puerto Rico— salvaguarda la vida íntima y la santidad del hogar, pero no defiende el derecho de propiedad; protege seres humanos, no lugares. Lo determinante para activar esta protección constitucional es si existe algún interés personal sobre el objeto del allanamiento, registro o incautación, de modo que exhiba una expectativa de intimidad. Dicha garantía constitucional está orientada a proteger a la persona, en la intimidad de su hogar o propiedad, frente al abuso de poder del Estado. Se trata de proteger la intimidad de las personas. Se refiere a aquella expectativa de privacidad que la persona tiene en una propiedad.[30] El Tribunal Supremo de Estados Unidos, siguiendo este criterio, consistentemente ha descartado barreras ficticias y procesales erigidas sobre conceptos propietarios.[31]

En 1951,[32] nos reafirmamos, siguiendo la doctrina prevaleciente en los tribunales federales, en que la garantía constitucional contra registros ilegales es un derecho personal del poseedor u ocupante de la propiedad registrada, y que no habiéndose alegado en la moción sobre supresión y devolución de evidencia que los acusados allí, peticionarios ante nos, estuvieran en posesión y control de la propiedad registrada, no se violó ningún derecho constitucional que

---

[28] *Pueblo v. Yip Berríos*, 142 D.P.R. 386 (1997).

[29] Véase Art. II, Const. E.L.A., *supra*.

[30] *Pueblo v. Ortiz Rodríguez*, 147 D.P.R. 433 (1999); *Pueblo v. Pérez Narváez*, 130 D.P.R. 618, 623 (1992); *Pueblo v. Vargas Delgado*, 105 D.P.R. 335, 338 (1976).

[31] Íd.; *Schneckloth v. Bustamonte*, 412 U.S. 218, 242 (1973); *Warden v. Hayden*, 387 U.S. 294, 301, 304 (1967).

[32] *Pueblo v. Monzón*, 72 D.P.R. 72, 74 (1951).

ellos pudieran tener y, por consiguiente, no podían atacar la validez del registro de la propiedad en posesión de otro, ni solicitar la supresión de la evidencia así obtenida.

Las referidas garantías constitucionales, así como la solicitud de supresión de evidencia, no pueden ser utilizadas por todo acusado. Es necesario que éste posea legitimación activa (*standing*) para así hacerlo. Para poder invocar la garantía constitucional contra registros, allanamientos e incautaciones irrazonables, es necesario que la persona tenga una expectativa razonable de intimidad en el lugar, objeto o propiedad registrada.[33]

El Tribunal Supremo de Estados Unidos, al resolver controversias relacionadas con la violación a la Enmienda Cuarta de la Constitución federal, ha establecido que para tener legitimación activa (*standing*) es necesario que: (1) la invoque la persona que sufrió el *agravio*; (2) *que dicha persona tenga una expectativa de intimidad sobre el lugar registrado*, o (3) que la persona tenga un interés propietario sobre el lugar u objeto registrado.[34] No obstante, el hecho de que una persona tenga un interés propietario sobre el objeto o lugar registrado no le otorga, necesariamente, legitimación activa (*standing*) para solicitar la supresión de la evidencia ocupada.[35] Es necesario que la persona, además, posea una expectativa razonable de que el Estado no intervendría con el lugar registrado o, en otras palabras, que abrigue una expectativa razonable de intimidad.[36] El interés propietario es un elemento a tomarse en consideración al determinar si el promovente de la moción de supre-

---

[33] *Pueblo v. Yip Berríos*, supra; *Pueblo v. Ramos Santos*, 132 D.P.R. 363 (1992); *Pueblo v. Dolce*, 105 D.P.R. 422 (1976).

[34] *Alderman v. U.S.*, 89 S. Ct. 961 (1969); *Rakas v. Illinois*, 99 S. Ct. 421 (1978); *U.S. v. Padilla*, 113 S. Ct. 1936 (1993).

[35] *U.S. v. Salvucci*, 100 S. Ct. 2547 (1980).

[36] *Rakas v. Illinois*, supra; *U.S. v. Salvucci*, supra; *Rawlings v. Kentucky*, 100 S. Ct. 2556 (1980).

sión de evidencia tiene legitimación activa (*standing*).([37])
No obstante, no es determinante si no tiene, además del
interés propietario, una expectativa razonable de intimi-
dad en el lugar o propiedad registrada. No se configura la
legitimación activa (*standing*) para ello, pues no es acree-
dor de esa protección constitucional.([38])

En repetidas ocasiones hemos resuelto que para disfru-
tar de la protección constitucional contra registros e incau-
taciones irrazonables de la Constitución de Puerto Rico, es
necesario abrigar una expectativa razonable de intimidad
sobre el lugar, el objeto o la propiedad registrada por el
Estado.([39]) La determinación de si una persona tiene una
expectativa razonable de intimidad sobre un determinado
lugar, objeto o propiedad hay que realizarla caso a caso.
Para ello, es necesario hacer un balance de los intereses en
juego.([40]) *Los hechos particulares de cada caso son esencia-
les para determinar si al promovente de una moción de
supresión de evidencia le asistía la protección constitucio-
nal al momento del registro.* Hemos establecido los crite-
rios que deben ser considerados al momento de determinar
si una persona tiene una expectativa de intimidad razona-
ble y suficiente para hacerlo acreedor de la referida garan-
tía constitucional.([41]) Los factores establecidos son los si-
guientes: (1) el lugar registrado o allanado; (2) la
naturaleza y el grado de la intrusión en la intervención; (3)
el propósito u objetivo de la intervención; (4) si la conducta
de la persona era indicativa de una expectativa subjetiva
de intimidad; (5) la existencia de barreras físicas que res-
trinjan la entrada o visibilidad del lugar registrado; (6) la

---

([37]) *U.S. v. Salvucci*, supra; *Rawlings v. Illinois*, supra.

([38]) Íd.

([39]) *Pueblo v. Bonilla*, 149 D.P.R. 318 (1999); *Pueblo v. Camilo Meléndez*, 148
D.P.R. 539 (1999); *Pueblo v. Ramos Santos*, 132 D.P.R. 363 (1992); *Pueblo v. Rivera
Colón*, 128 D.P.R. 672 (1991); *Pueblo v. Castro Rosario*, 125 D.P.R. 164 (1990); *Pueblo
v. Malavé González*, 120 D.P.R. 470 (1988); *Pueblo v. Monzón*, 72 D.P.R. 72 (1951).

([40]) *Pueblo v. Camilo Meléndez*, supra.

([41]) *Pueblo v. Camilo Meléndez*, supra; *Pueblo v. Rivera Colón*, supra.

cantidad de personas que tienen acceso legítimo al lugar registrado, y (7) las inhibiciones sociales relacionadas con el lugar registrado.[42]

## III

El Art. 4 de la Ley Uniforme de Confiscaciones de 1988,[43] dispone lo siguiente:

La notificación se hará en forma fehaciente dentro de quince (15) días a partir de la entrega del informe redactado por los Oficiales del Orden Público relacionado con la investigación requerida por las secs. 3201 et seq. del Título 9, conocidas como "Ley para la Protección de la Propiedad Vehicular", y *su envío se hará por correo con acuse de recibo a la dirección conocida del dueño, encargado o persona con derecho o interés en la propiedad ocupada.* (Énfasis suplido.)

Recientemente tuvimos la oportunidad de interpretar dicho estatuto. Resolvimos, que el propósito del requisito de la notificación de una confiscación es brindarle la oportunidad *al dueño, al que se considere dueño, al encargado o al que tenga algún interés o derecho sobre la propiedad confiscada para que exponga las defensas válidas en contra de la confiscación.*[44] La razón detrás de la enunciada norma es garantizar que no se prive a los ciudadanos de su propiedad sin un debido proceso de ley.

¿Reconoció el Estado al aquí peticionario un interés sobre el vehículo confiscado cuando le notificó la confiscación? Contestamos dicha interrogante en la afirmativa. El procedimiento establecido en el referido estatuto dispone que el funcionario que realiza la confiscación deberá notificar la ocupación al dueño, al que se considere dueño o a cualquier persona con interés en la propiedad, como lo es el acreedor condicional o hipotecario. A esos efectos, el Art. 3

---

[42] Íd.

[43] 34 L.P.R.A. sec. 1723b.

[44] *Negrón v. Srio. de Justicia*, 154 D.P.R. 79 (2001).

de la citada Ley Uniforme de Confiscaciones de 1988([45]) dispone lo siguiente:

> (2) El funcionario bajo cuya autoridad se efectúa la ocupación o la persona en la que él delegue notificará el hecho de la ocupación y la tasación o valor estimado de la propiedad ocupada a las personas siguientes:
> (a) *Aquellas que por las circunstancias, información y creencia, el funcionario considere como dueños*, y
> (b) en los casos de vehículos de motor, se notificará además al dueño según consta en el Registro de Vehículos del Departamento de Transportación y Obras Públicas y al acreedor condicional que a la fecha de la ocupación haya presentado su contrato para ser archivado. Además, en los casos que aplique, se notificará al acreedor hipotecario de un vehículo de motor cuando se haya cumplido con lo dispuesto en la sec. 1874 del Título 30. (Énfasis suplido.)

Al examinar estas disposiciones estatutarias, nos percatamos y puntualizamos que *dirigen la notificación hacia el dueño del bien confiscado o aquella persona que el Estado entiende y reconoce como que es el dueño o que tiene un interés legítimo sobre la propiedad confiscada.* Esta conclusión encuentra su fundamento en la interpretación armónica e integral de las diferentes disposiciones contenidas en el estatuto.

Resulta forzoso concluir que, una vez realizada la notificación de la confiscación a un ciudadano, el Estado le reconoce a la persona notificada un interés sobre la propiedad confiscada en alguna de las situaciones establecidas en el referido estatuto. *Negrón v. Srio. de Justicia*, supra.

Ahora bien, ¿qué efecto tiene la notificación de la confiscación del referido vehículo al aquí peticionario sobre su alegado derecho a presentar una moción de supresión de la evidencia ocupada en él? Veamos.

Ciertamente, el Estado le reconoció al aquí peticionario un interés legítimo sobre el bien mueble confiscado. El he-

---

([45]) 34 L.P.R.A. sec. 1723a.

cho de que le haya sido reconocido tal interés sobre dicho bien, sólo configura uno de los elementos que considerará la autoridad judicial, a los efectos de si está presente la protección constitucional aludida, y no le confiere por sí solo el derecho para solicitar la supresión de la evidencia ocupada. El ser propietario de un vehículo de motor no necesariamente implica que se tenga una expectativa de intimidad en él. Además de ser el dueño, hay que tener la posesión, el control y el alcance inmediato de esa propiedad y una creencia razonable de que el Estado no intervendrá con ella. Es necesario que el promovente esté efectivamente protegido por la garantía constitucional contra registros e incautaciones irrazonables, por albergar una expectativa razonable de intimidad sobre la propiedad o el lugar intervenido.[46] Por lo tanto, la mera notificación de la confiscación del vehículo no le confiere por sí solo el derecho al aquí peticionario para solicitar la supresión de la evidencia.

## IV

La Regla 234 de Procedimiento Criminal, *supra*, establece que *en la moción de supresión de evidencia se deberán exponer los hechos precisos o las razones específicas que sostengan el fundamento o fundamentos en que ésta se fundamenta.* Del historial legislativo de la Ley Núm. 65 de 5 de julio de 1988, la cual enmendó la antes mencionada regla para incluir esa disposición, surge que el propósito del estatuto fue evitar las dilaciones innecesarias del proceso judicial que provocan la presentación, por parte de los imputados de delito, de mociones sin fundamentos legales legítimos.

---

[46] *Pueblo v. Bonilla,* supra; *Pueblo v. Camilo Meléndez,* supra; *Pueblo v. Ramos Santos,* supra; *Pueblo v. Rivera Colón,* supra; *Pueblo v. Castro Rosario,* supra; *Pueblo v. Malavé González,* supra; *Pueblo v. Monzón,* supra.

En *Pueblo v. Maldonado, Rosa*, 135 D.P.R. 563 (1994), resolvimos que debido a la enmienda realizada a la Regla 234 de Procedimiento Criminal, *supra*, cuando no se alegan de manera específica y detallada los hechos en que se fundamenta la solicitud de supresión de la evidencia ocupada, se puede disponer de ella sin necesidad de celebrar una vista para discutirla. El Tribunal de Primera Instancia puede disponer de una moción de supresión de evidencia, sin la celebración de una vista evidenciaria, cuando de las alegaciones de la moción surja que el promovente no tiene derecho a solicitar la supresión.(47)

En *Pueblo v. Blase Vázquez*, 148 D.P.R. 618 (1999), resolvimos que el tribunal está obligado a celebrar una vista evidenciaria para discutir una moción de supresión de evidencia cuando en ésta se alega que el Estado no tenía una orden para registrar determinado lugar u objeto. En dicha vista, el Ministerio Público tiene que demostrar las razones justificadas para realizar el registro sin orden, ya que se presume inválido.(48) No obstante, esta obligación del Estado se activa una vez el promovente alega al tribunal, en forma específica y detallada, que tenía una expectativa personal razonable de intimidad en el lugar u objeto registrado y cómo fue *agraviado* por el Estado. Veamos.

La Regla 234 de Procedimiento Criminal, *supra*, establece las circunstancias bajo las cuales procede la supresión de la evidencia. Alegar en la moción una de esas circunstancias, en ausencia de hechos específicos que configuren el *agravio* sufrido que lo habilita y capacita para utilizar el mecanismo allí dispuesto, no es suficiente para mover la maquinaria judicial a celebrar una vista para discutir la moción, según expusimos en *Pueblo v. Maldonado, Rosa*, supra. Es imperativo que se le presente al Tribunal de Primera Instancia un caso prima facie de re-

---

(47) E.L. Chiesa Aponte, *Derecho procesal penal de Puerto Rico y Estados Unidos*, 1ra reimpresión, Bogotá, Ed. Forum, 1995.

(48) Íd.

gistro irrazonable, por haber infringido la garantía del solicitante a su expectativa razonable de intimidad. Para esto, es necesario alegar en la moción, de manera específica y detallada, aquellos hechos que hacen acreedor al promovente de la solicitud de supresión de evidencia por tener una expectativa razonable de intimidad en el lugar registrado. Ciertamente, esos hechos son los que configuran la legitimación activa del promovente, ya que en ausencia de expectativa razonable de intimidad no hay protección constitucional y, por ende, no procede la supresión de la evidencia por no existir el *agravio* considerado en la Regla 234 de Procedimiento Criminal, *supra*, que le permite levantar tal pedimento. Para poder presentar válidamente una moción de supresión de evidencia al amparo de la Regla 234 de Procedimiento Criminal, *supra*, es imperativo que la moción cumpla con lo antes indicado. De lo contrario, tal moción no descansaría ni se apoyaría sobre tal *agravio*, y tendría que ser declarada no ha lugar sin mayor consideración.

De los hechos de este caso surge que el vehículo de motor que fue objeto de registro, por parte del agente del orden público, no está inscrito a nombre del señor Luis Echevarría Arroyo en el Departamento de Transportación y Obras Públicas. No obstante, el Departamento de Justicia le reconoció un interés sobre el referido vehículo al notificarle su confiscación. La declaración jurada del agente del orden público ubica por sólo unos minutos al señor Echevarría Arroyo en los alrededores del vehículo registrado. Sin embargo, de dicho documento surge que el vehículo de motor registrado se encontraba bajo el control, posesión y alcance inmediato del Sr. Pedro Santiago Pérez. De ahí se desprende que quien podía tener, como acusado, legitimación activa para solicitar la supresión de la evidencia ocupada como consecuencia del registro del referido vehículo, era el señor Santiago Pérez. El aquí peticionario no alegó,

en forma específica y detallada, en su moción de supresión de evidencia los hechos particulares que configuran su expectativa de intimidad en el vehículo registrado y la forma en que el Estado se la infringió y, por ende, lo *agravió*. No especificó en qué forma él mantenía la posesión, control y alcance inmediato sobre el vehículo registrado. En la referida moción de supresión de evidencia, el promovente se apoyó en el hecho de que el registro fue ilegal porque se realizó sin una orden. Si bien es cierto que un registro sin orden se presume ilegal, no procede que el Tribunal de Primera Instancia considere la moción de supresión de evidencia si ésta padece de ausencia total de alegaciones fácticas que demuestren de su faz que el promovente tenía una expectativa razonable de intimidad en la propiedad registrada, o sea, que era acreedor de la protección constitucional y, por lo tanto, que tenía legitimación activa para interponer la moción. Al no hacerlo, no colocó al Tribunal de Primera Instancia en posición de continuar con la consideración y atención de la moción de supresión de evidencia. Surge de la minuta de la vista celebrada, que el aquí peticionario arguyó, como elemento para acreditar su legitimación activa, que el Estado le notificó de la confiscación del vehículo.

El efecto práctico de lo que la Mayoría resuelve es que tiene legitimación activa para presentar una moción de supresión de evidencia ocupada o incautada en un registro a un vehículo de motor aquel acusado que el Estado reconoció prima facie, cuando menos, como "dueño" o como una persona con "derecho o interés" sobre el mismo en un procedimiento de confiscación, aunque no alegue, ni mucho menos demuestre, que al momento de tal registro tenía su posesión, control y alcance inmediato. Con profundo respeto, no compartimos tal óptica. Somos del criterio que la Mayoría está extendiendo el disfrute de un derecho y garantía constitucional a un acusado, que no le asiste. De

decretarse con lugar por el Tribunal de Primera Instancia lo que el peticionario pretende, se estaría suprimiendo la evidencia ocupada en una propiedad que del expediente de autos surge que estaba bajo la posesión, control y alcance inmediato de otra persona. Se estaría beneficiando de la intervención ilegal y el agravio por el Estado a otra persona a su derecho a la privacidad e intimidad.

## V

Por los fundamentos antes expuestos, confirmaríamos la resolución recurrida, emitida por el Tribunal de Circuito de Apelaciones, así como aquella dictada por el Tribunal de Primera Instancia, por entender que no erró este último al declarar no ha lugar la moción de supresión de evidencia por falta de legitimación activa de su promovente.