El Juez Presidente Señor Hernández Denton
emitió la opinión del Tribunal.
El presente caso requiere que aclaremos si un día libre con cargo a vacaciones, concedido a los empleados de la Rama Ejecutiva y la Rama Judicial, extendió el término de treinta días que tiene el Estado para notificarle al acreedor condicional de un vehículo de motor que el mismo se con-fiscó, según lo dispone el Art. 3 de la Ley Uniforme de Confiscaciones de 1988 (Ley Uniforme de Confiscaciones), Ley Núm. 93 de 13 de julio de 1988 (34 L.P.R.A. sec. 1723a). Por considerar que dicho término debió extenderse hasta el próximo día laborable, revocamos la sentencia del foro apelativo intermedio que resolvió lo contrario.
I
El 28 de octubre de 2008, el Estado Libre Asociado de Puerto Rico (E.L.A.) confiscó un vehículo Mercedes Benz del 2005 perteneciente al Sr. Edgar Rivera Díaz, quien lo adquirió mediante un contrato de venta condicional sus-crito entre él y el Banco Bilbao Vizcaya (B.B.V.). La confis-cación se realizó porque, aparentemente, el referido vehí-culo se utilizó para cometer infracciones según disponen los Arts. 404 y 406 de la Ley de Sustancias Controladas de Puerto Rico, 24 L.P.R.A. secs. 2404 y 2406.
El 1 de diciembre de 2008, el E.L.A. notificó la confisca-ción del vehículo a las partes afectadas. Inconforme con la fecha de notificación, y por entender que ya había vencido el término dispuesto por ley para dicho proceder, el B.B.V. y su aseguradora presentaron una demanda de impugna-ción de confiscación ante el Tribunal de Primera Instancia (T.P.I.).
El foro de instancia resolvió que como los treinta días comienzan a partir de la ocupación del vehículo, este tér-mino venció el 28 de noviembre de 2008. No obstante, como *685 el E.L.A. realizó la notificación el 1 de diciembre de 2008, concluyó que ésta fue inválida y la confiscación nula.
Inconforme con dicho dictamen, el E.L.A. acudió oportu-namente ante el Tribunal de Apelaciones mediante un re-curso de apelación y expresó que por haberse ocupado el vehículo el 28 de octubre de 2008, el último día para hacer la notificación era el jueves 27 de noviembre de 2008, Día de Acción de Gracias. Por lo tanto, alegó que el término se extendió automáticamente hasta el viernes 28 de noviem-bre de 2008. El Gobernador concedió ese viernes como un día libre con cargo a vacaciones para los empleados de la Rama Ejecutiva. Los empleados de la Rama Judicial tam-bién tuvieron ese día libre. Por ello, y mediante Resolución, extendimos los términos vencederos el 28 de noviembre de 2008, al 1 de diciembre de 2008. In re Extensión Términos I, 175 D.P.R. 110 (2008). Por esto, según arguye el E.L.A., el último día para hacer la correspondiente notificación de-bió extenderse automáticamente al próximo día laborable. Como el 29 y 30 de noviembre fueron sábado y domingo, respectivamente, el último día disponible para hacer la no-tificación debió ser el lunes 1 de diciembre de 2008, día en que finalmente se hizo.
Por su parte, el foro apelativo intermedio confirmó la sentencia apelada. Al hacerlo, aclaró que precisamente por no ser un “día de fiesta”, fue que tanto el Gobernador como este Tribunal tuvieron que hacer una expresión para con-ceder el día libre y que, por ello, se debió hacer la notifica-ción en o antes del viernes, 28 de noviembre de 2008.
Inconforme aún, el E.L.A. acude ante nos y solicita que revoquemos la sentencia del Tribunal de Apelaciones. En esencia, el E.L.A. alega los mismos argumentos que pre-sentó ante el foro apelativo intermedio.
Examinado el recurso, acordamos expedir. Contando con el beneficio de la comparecencia de ambas partes, pro-cedemos a resolver.
*686 II
En primer lugar, atendemos el asunto de cuándo comienza a transcurrir el término de treinta días para efectuar la notificación de una confiscación a las partes con interés en la propiedad ocupada.
El Art. 2 de la Ley Uniforme de Confiscaciones, 34 L.P.R.A. see. 1723, según enmendada, dispone que cierta propiedad que se utilice para cometer un delito —incluidos algunos delitos en la Ley de Sustancias Controladas de Puerto Rico— se podrá confiscar a favor del E.L.A. Este estatuto se aprobó para evitar que los criminales la conti-nuaran utilizando con fines ilícitos y como disuasivo para éstos. Véanse: Exposición de Motivos de la Ley Uniforme de Confiscaciones, 1988 Leyes de Puerto Rico 408, 409; General Accident Ins. Co. v. E.L.A., 137 D.P.R. 466 (1994). Como hemos expresado, el procedimiento de confiscación es de carácter in rem; es decir, va dirigido contra la cosa misma y no contra el dueño de la propiedad, su poseedor, encargado o cualquier otra persona con algún interés legal sobre ésta. Del Toro Lugo v. E.L.A., 136 D.P.R. 973 (1994); General Accident Ins. Co. v. E.L.A., supra, pág. 471; Negron v. Srio. de Justicia, 154 D.P.R. 79 (2001). Por ello, si cualquier persona con interés legal sobre un vehículo lo ha puesto voluntariamente en posesión de alguna persona que lo utilice para actos delictivos, su derecho corre la suerte del uso al que el infractor someta el vehículo. General Accident Ins. Co. v. E.L.A., supra; Negrón v. Srio. de Justicia, supra. La misma Ley Uniforme de Confiscaciones dispone el procedimiento a seguir siempre que se ocupe cualquier propiedad sobre la cual el Estado tenga la facultad de confiscar. 34 L.P.R.A. sec. 1723a.
Cuando la propiedad confiscada es un vehículo de motor, hemos expresado que el funcionario de la agencia del orden público, bajo cuya autoridad se efectúa la ocupación, está obligado a notificar este hecho al dueño, según *687 consta en el Registro de Vehículos del Departamento de Transportación y Obras Públicas, y al acreedor condicional que a la fecha de la ocupación haya presentado su contrato para archivarlo en dicho Registro. First Bank v. E.L.A., 164 D.P.R. 835, 844 (2005). Por ello, el Art. 4 de la Ley Uniforme de Confiscaciones, 34 L.P.R.A. sec. 1723b, que fue enmendado por la Ley Núm. 345 de 16 de septiembre de 2004, reglamenta el procedimiento a seguir para hacer la notificación ya mencionada. Para esto dispone, en lo per-tinente:
La notificación se hará en forma fehaciente dentro de los treinta (30) días siguientes a la ocupación de la propiedad me-diante el envío por correo certificado a la dirección conocida del dueño, encargado o persona con derecho o interés en la propiedad ocupada. 34 L.P.R.A. sec. 1723b.
El requisito de notificar a cada una de las personas con interés sobre la propiedad confiscada responde a la necesidad de salvaguardar sus derechos constitucionales y permitirle traer defensas o argumentos contra la confiscación. Pueblo v. Echevarría Arroyo, 157 D.P.R. 158 (2002); First Bank v. E.L.A., supra. El estatuto provee, además, un procedimiento expedito para impugnar la confiscación, que le impone al Estado un requisito estricto de notificación para poder validar su actuación. Véase 34 L.P.R.A. secs. 1723a y 1723f.
Considerado el asunto de cuándo comienza a transcu-rrir el término de los treinta días para efectuar la notifica-ción en cuestión, debemos atender el asunto de cuándo de-bió vencer dicho término.
La Regla 68.1 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III) disponía en lo relacionado con la forma de computar términos, que el último día de un término se incluiría siempre que no fuera sábado, domingo ni día de fiesta legal. Cuando ello ocurría, se extendía el plazo hasta el fin del próximo día que no fuera sábado, domingo, ni día *688 “legalmente feriado”. íd. La nueva Regla 68.1 de Procedi-miento Civil de 2009 dispone:
En el cómputo de cualquier término concedido por estas re-glas, o por orden del tribunal o por cualquier estatuto aplica-ble, no se contará el día en que se realice el acto, evento o incumplimiento después del cual el término fijado empieza a transcurrir. El último día del término así computado se in-cluirá siempre que no sea sábado, domingo ni día de fiesta legal, extendiéndose entonces el plazo hasta el fin del próximo día que no sea sábado, domingo ni día legalmente feriado. También podrá suspenderse o extenderse cualquier término cuando el Tribunal Supremo de Puerto Rico lo decrete me-diante resolución. Cuando el plazo concedido sea menor de siete (7) días, los sábados, domingos o días de fiesta legal in-termedios se excluirán del cómputo. Medio día feriado se con-siderará como feriado en su totalidad. (Énfasis suplido.) 32 L.P.R.A. Ap. V.
Un “término” es un plazo de tiempo que concede una ley para realizar determinado acto procesal, cuyo incumplimiento conlleva alguna sanción que puede fluctuar desde que un juez resuelva un incidente sin contar con determinado argumento, hasta la pérdida de algún derecho. R. Hernández Colón, Derecho Procesal Civil, 5ta ed., San Juan, Ed. LexisNexis, 2010, Sec. 1801, pág. 197. Esa gradación de sanciones que conlleva el incumplimiento es la que nos ha llevado a establecer los conceptos “términos discrecionales”, “directivos”, “de estricto cumplimiento” y “términos fatales o jurisdiccionales”. Id.
En nuestro ordenamiento, el Art. 387 del Código Polí-tico, 1 L.P.R.A. sec. 71, faculta al Gobernador para conce-der un “día de fiesta”, pues ello incide sobre la extensión de los términos. La extensión de los términos, a su vez, la regula el Art. 388 del referido Código, 1 L.P.R.A. sec. 72. Véase J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, San Juan, Pubs. J.T.S., 2000, T.2, págs. 1153-1154.
En específico, el Art. 388 del Código Político, supra, dispone que “[e]l tiempo en que cualquier acto prescrito por la ley debe cumplirse, se computará excluyendo el *689 primer día e incluyendo el último, a menos que éste sea día de fiesta, en cuyo caso será también excluido”. (Enfasis suplido.) 1 L.P.R.A. sec. 72. Cónsono con ello, el Art. 387 del Código Político dispone que:
Los días de fiesta, en el sentido de las secs. 71 a 73 de este título, son: los domingos, el primero de enero, el día veintidós de febrero, el día veintidós de marzo, el Viernes Santo, el día treinta de mayo, el cuatro de julio, el veinticinco de julio, el primer lunes de septiembre, que será conocido como el día de la fiesta del trabajo, el día veinticinco de diciembre, todos los días en que se celebren elecciones generales en la Isla y cada día fijado por el Presidente de los Estados Unidos, por el Go-bernador de Puerto Rico, o por la Asamblea Legislativa, para la celebración de día de ayuno, día de acción de gracias o día de fiesta. Siempre que cualquiera de dichos días ocurriere en domingo, será día de fiesta el lunes siguiente. (Énfasis suplido.) 1 L.P.R.A. sec. 71.
Esto es, que conforme al Art. 387 del Código Político, supra, el Gobernador puede declarar un día de fiesta para propósitos de la extensión del término del Art. 388 del mismo Código. De la misma forma, es importante tener presente que en la Resolución de este Tribunal de 26 de noviembre de 2008, reconocimos el viernes 28 de noviem-bre de 2008 como un día feriado para los tribunales. Allí expresamos que “[c]ualquier término a vencer ese día se extenderá hasta el lunes, 1 de diciembre de 2008 (En-fasis suplido.) In re Extensión Términos, supra, pág. 110.
Por esto, es importante recalcar que el uso y la costum-bre de este Tribunal ha sido extender los términos dispues-tos en las distintas leyes y reglas aplicables a los procedi-mientos judiciales cuando se decreta un día libre con cargo a vacaciones para la Rama Judicial. Como ejemplo, hemos ordenado la extensión de los términos vencederos el 24 de diciembre en años anteriores. Para ello, hemos expresado que “en virtud de nuestra facultad para reglamentar los procedimientos judiciales, al computar los términos dis-puestos en las distintas leyes y reglas aplicables a los pro-cedimientos y trámites judiciales, se aplicará lo dispuesto *690 por los Arts. 388 y 389 del Código Político de 1902 (1 L.P.R.A. secs. 72 y 73)”. In re Extensión Términos III, 160 D.P.R. 768, 768-769 (2003). Véase In re Extensión Términos II, 172 D.P.R. 882 (2007).
Del mismo modo, ha habido ocasiones en que hemos ex-tendido los términos cuando un Gobernador ha concedido días libres con cargo a vacaciones para la Rama Ejecutiva. En In re Extensión Términos IV, 160 D.P.R. 817 (2003), sostuvimos que “la Gobernadora del Estado Libre Asociado de Puerto Rico, Hon. Sila María Calderón, en virtud de las facultades que le han sido conferidas por el precitado Art. 387 del Código Político, concedió libres con cargo a vacacio-nes los días 2 al 5 de enero de 2004 a todos los empleados del servicio público. ... Atales efectos y en virtud de nues-tra facultad para reglamentar los procedimientos judicia-les, al computar los términos dispuestos en las distintas leyes ... se aplicará lo dispuesto en los Arts. 388 y 389 del Código Político de 1902 ...”.
Al igual que en el caso de autos, también ha sido nues-tra costumbre extender los términos vencederos el viernes después del Día de Acción de Gracias. Véanse: In re Extensión Términos, 169 D.P.R. 585 (2006); In re Extensión Términos II, 160 D.P.R. 741 (2003).
III
El día libre con cargo a vacaciones que concedió el Go-bernador para la Rama Ejecutiva y nuestra Resolución para extender los términos vencederos ese día, causaron el mismo efecto legal que el “día legalmente feriado” conce-bido por nuestras Reglas de Procedimiento Civil, y un “día de fiesta”, según el Código Político de Puerto Rico. Por ello, concluimos que el día libre con cargo a vacaciones, tal como ha sido el uso y costumbre de este Tribunal, tuvo el efecto de extender el término para notificar la confiscación. De *691 esa forma, resolvemos que la notificación al B.B.V. se hizo oportunamente.
De una parte, el día libre que concedió el Gobernador recae dentro de la facultad que le reconoce el Art. 387 del Código Político, supra, y, por lo tanto, debe tener el mismo efecto legal que los “días de fiesta”, al ser excluido de cual-quier cómputo, según dispone el Art. 388 del mismo Có-digo, supra. Por otra parte, la Resolución de 26 de noviem-bre de 2008, que extendió los términos vencederos del 27 y 28 de noviembre al 1 de diciembre de ese año, tuvo el mismo efecto sobre el término en cuestión. In re Extensión Términos II, supra.
En el presente caso, la ocupación del vehículo ocurrió el 28 de octubre de 2008, fecha en que comenzó a transcurrir el término de los treinta días para notificar al acreedor condicional. Por ende, el término estaba supuesto a vencer el 27 de noviembre de 2008, Día de Acción de Gracias. El término se extendió automáticamente hasta el viernes 28 de noviembre de 2008. Al ser un día libre tanto para la Rama Ejecutiva como para la Rama Judicial, los términos se extendieron al próximo día laborable. Como el 29 y 30 de noviembre fueron sábado y domingo, respectivamente, el último día disponible para hacer la notificación debió ser el lunes 1 de diciembre de 2008, día en que finalmente se hizo.
Por los fundamentos antes expuestos, se revoca la sen-tencia del Tribunal de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia para que continúen los pro-cedimientos de ordinario, según lo aquí dispuesto.

Se dictará sentencia de conformidad.