First Bank y Universal Insurance Company, demandantes y recurridas, *v.* Estado Libre Asociado de Puerto Rico, Secretario de Justicia y Superintendente de la Policía, demandados y peticionarios.

*Número:* CC-2003-694 *Resuelto:* 2 de junio de 2005

*Roberto J. Sánchez Ramos*, procurador general, abogado de la parte peticionaria; *José J. Marrero Montijo*, abogado de la parte recurrida.

El Juez Asociado Señor Rebollo López emitió la opinión del Tribunal.

El *12 de marzo de 2002* unos agentes del orden público *ocuparon* un vehículo de motor marca Mazda, modelo Pickup, de 1999, tablilla número 635-744, perteneciente a David Garay Marrero, por alegadamente haber sido utilizado en la comisión de los delitos de apropiación ilegal agravada, falsificación de documentos y posesión y traspaso de documentos falsificados, según tipificados en los Arts. 166, 271 y 272 del Código Penal, 33 L.P.R.A. secs. 4272, 4591 y 4592. La conducta delictiva imputada a Garay Marrero consistió, en síntesis y en lo pertinente, en el uso de "treta o engaño" para la apropiación ilegal de unas unidades de aires acondicionados.

El *11 de abril de 2002*, y luego de que los agentes del orden público finalizaran una investigación con el fin de inspeccionar la propiedad confiscada, la Superintendencia Auxiliar en Investigaciones Criminales del Negociado de Investigaciones de Vehículos Hurtados de la Policía de Puerto Rico, emitió el informe Certificado de Inspección de Vehículos de Motor.[1]

Así las cosas, el *25 de abril de 2002* la Junta de Confiscaciones del Departamento de Justicia *notificó la confiscación efectuada*, por correo certificado, a las personas y entidades con interés en la propiedad. Entre otros, la Junta de Confiscaciones notificó a David Garay Marrero y a First Bank, entidad financiera vendedora condicional del vehículo ocupado y tenedora de un gravamen a su favor en el Registro de Automóviles del Departamento de Transportación y Obras Públicas sobre el vehículo confiscado.

El *9 de mayo de 2002* First Bank y su aseguradora, Universal Insurance Company,[2] presentaron ante el Tribunal

---

[1] El referido certificado revela que la inspección se realizó como consecuencia de una orden de confiscación y que ésta reveló que la unidad y los números de serie impresos por el manufacturero aparentaban ser originales.

[2] Universal Insurance Company tiene una póliza de seguros expedida a favor de First Bank para cubrir el riesgo de confiscaciones.

de Primera Instancia, Sala Superior de Bayamón, una demanda civil de impugnación de confiscación. Se alegó, en síntesis, que la aludida confiscación era nula e ilegal *por haberse notificado este hecho a todas las partes con interés de forma tardía*. Esto en virtud de que, según alegaron, el Art. 4 de la Ley Núm. 93 de 13 de julio de 1988, mejor conocida como la Ley Uniforme de Confiscaciones de 1988 (34 L.P.R.A. sec. 1723b) dispone que el término de quince días que tiene el Estado para efectuar la notificación de la confiscación debe computarse a partir de la fecha de la ocupación del vehículo objeto del litigio.[3]

Luego de varios incidentes y trámites procesales, el 23 de septiembre de 2002 el foro primario emitió una sentencia, declarando *con lugar* la demanda y decretando, de este modo, la *nulidad* de la confiscación realizada. Fundamentó su decisión en que la referida confiscación se había notificado fuera del término de quince días establecidos en el Art. 4 de la Ley Uniforme de Confiscaciones de 1988, ante.

Insatisfecho con tal determinación, el Procurador General acudió —vía recurso de apelación— ante el Tribunal de Apelaciones, alegando, en síntesis, que según el referido Art. 4 de la Ley Uniforme de Confiscaciones de 1988 la confiscación debía notificarse dentro de quince días, contados a partir de la entrega del informe que redactaran los agentes del orden público y luego de culminado el período de treinta días de investigación provisto en el Art. 14 de la Ley para la Protección de la Propiedad Vehicular, 9 L.P.R.A. sec. 3213. El Procurador General alegó, además, que es incorrecto que este término se compute desde la fecha en que fuera ocupado el vehículo.

Así las cosas, el 18 de agosto de 2003 el foro apelativo intermedio dictó sentencia mediante la cual *confirmó* la sentencia emitida por el Tribunal de Primera Instancia. Indicó, que el término para notificar una confiscación co-

---

[3] Por tal razón, alegan que la notificación debió haber sido realizada, a más tardar, el 27 de marzo de 2002.

menzaba a transcurrir desde el acto de la ocupación y que, por lo tanto, la notificación hecha por el Estado en este caso había sido realizada fuera del término dispuesto por ley.[4] Señaló, además, que no procedía extender el término para notificar la confiscación por no estar comprendidos los delitos imputados a Garay Marrero dentro de las circunstancias que menciona el citado Art. 14 de la Ley para la Protección de la Propiedad Vehicular, ni al éste disponer que la confiscación deba realizarse dentro de quince días a partir de la entrega del informe redactado por los agentes del orden público.

Inconforme con tal dictamen, el Procurador General recurrió, vía *certiorari*, ante este Tribunal. Señaló que incidió el Tribunal de Apelaciones

> ... al decretar la improcedencia de la confiscación de un vehículo de motor a base de un cómputo equivocado del término aplicable para notificar tal acción. Petición de *certiorari*, pág. 8.

*Expedimos* el recurso. Contando con la comparecencia de todas las partes y estando en posición de resolver el recurso presentado, procedemos a hacerlo.

## I

■ La confiscación "es el acto de ocupación y de investirse para sí, que realiza el Ejecutivo por mandato de la Asamblea Legislativa, de todo derecho de propiedad sobre cualesquiera bienes ... que haya[n] sido utilizados en relación con la comisión de delitos". *Cooperativa v. E.L.A.*, 159

---

[4] Tanto el foro primario como el foro apelativo intermedio utilizaron, para sustentar su decisión, lo que *disponía* el Art. 4 de la Ley Uniforme de Confiscaciones de 1988 (34 L.P.R.A. sec. 1723b) *antes de que éste fuese enmendado por la Ley Núm. 95 de 20 de marzo de 1999 y por la Ley Núm. 32 de 14 de enero de 2000.* El referido artículo *establecía* lo siguiente:

"La notificación se hará en forma fehaciente, *dentro de los quince (15) días siguientes a la ocupación,* mediante su envío por correo con acuse de recibo a la dirección conocida del dueño, encargado o persona con derecho o interés en la propiedad ocupada." (Énfasis suplido.)

D.P.R. 37 (2003). Véase *Del Toro Lugo v. E.L.A.*, 136 D.P.R. 973, 980–981 (1994).

■ La Ley Uniforme de Confiscaciones de 1988 fue creada con el propósito principal de ampliar la autoridad del Estado para confiscar la propiedad que ha sido utilizada con fines ilegales,[5] entre ésta, los vehículos de motor. Uno de los propósitos que motivó esta legislación fue que la confiscación de los bienes pudiera servir como *elemento disuasivo* para el delincuente quien, por temor a exponerse al peligro de perder su propiedad, optara por limitar su actividad delictiva o se dificultara su realización. *Del Toro Lugo v. E.L.A.*, ante, pág. 987.

■ De acuerdo con estos propósitos, el Art. 2 de la Ley Uniforme de Confiscaciones de 1988 (34 L.P.R.A. sec. 1723) le confiere al Estado Libre Asociado de Puerto Rico la facultad de confiscar

> [t]*oda propiedad* que sea utilizada en relación a, o sea el resultado o producto de la comisión de delitos graves y de aquellos delitos menos graves en que por ley se autorice la confiscación, cuando tales delitos graves y menos graves estén tipificados en el Código Penal del Estado Libre Asociado de Puerto Rico, en las leyes de sustancias controladas, de armas y explosivos, en las leyes contra el crimen organizado, en las leyes de juegos prohibidos, bebidas alcohólicas, leyes fiscales, leyes contra la apropiación ilegal de vehículos, leyes de vehículos y tránsito de embarcaciones, así como en otras leyes y aquella propiedad que esté sujeta a una sentencia de confiscación que así lo autorice, será confiscada a favor del Estado Libre Asociado de Puerto Rico. (Énfasis suplido.)

■ A. El Art. 3 de la Ley Uniforme de Confiscaciones de 1988 (34 L.P.R.A. sec. 1723a) establece el procedimiento por seguir siempre que se ocupe cualquier propiedad sobre la cual el Estado tiene la facultad de confiscar. La aludida disposición estatutaria establece que la ocupa-

---

[5] La Ley Uniforme de Confiscaciones de 1988 sustituyó la antigua Ley Uniforme de Confiscación de Vehículos, Bestias y Embarcaciones, Ley Núm. 39 de 4 de julio de 1960, Leyes de Puerto Rico, pág. 70.

ción se llevará a cabo por la agencia del orden público o por el funcionario a cargo de la implantación de la ley.

■ Específicamente, el referido artículo de la ley establece el procedimiento por seguir cuando la propiedad que se confisca es un vehículo de motor que alegadamente ha sido utilizado en la comisión de un delito. En estos casos, el funcionario bajo cuya autoridad se efectúa la ocupación está obligado a notificar este hecho al dueño según consta en el Registro de Vehículos del Departamento de Transportación y Obras Públicas, al acreedor condicional que a la fecha de la ocupación haya presentado su contrato para ser archivado en este Registro y, en algunos casos, al acreedor hipotecario.([6])

■ De igual forma, la referida disposición estatutaria establece la facultad que tendrá la agencia del orden público o el funcionario a cargo de la implantación de la ley para *incautar y retener para investigación* cualquier vehículo o pieza de éste *cuando ocurra* una o más de las circunstancias dispuestas por el Art. 14 de la Ley Núm. 8 de 5 de agosto de 1987, mejor conocida como la Ley para la Protección de la Propiedad Vehicular, ante.

■ El referido Art. 14 faculta a los agentes del orden

---

([6]) La referida disposición estatutaria dispone, en lo aquí pertinente:

"(2) El funcionario bajo cuya autoridad se efectúa la ocupación o la persona en la que él delegue notificará el hecho de la ocupación y la tasación o valor estimado de la propiedad ocupada a las personas siguientes:

"(a) Aquellas que por las circunstancias, información y creencia, el funcionario considere como dueños, y

"(b) *en los casos de vehículos de motor*, se notificará además al dueño según consta en el Registro de Vehículos del Departamento de Transportación y Obras Públicas y al acreedor condicional que a la fecha de la ocupación haya presentado su contrato para ser archivado. Además, en los casos que aplique, se notificará al acreedor hipotecario de un vehículo de motor cuando se haya cumplido con lo dispuesto en la sec. 4 de la Ley de Junio 3, 1927, Núm. 19.

"(3) *La agencia del orden público o el funcionario a cargo de la implantación de la ley, tendrá la facultad de incautar y retener para investigación, por un período de hasta treinta (30) días,* cualquier vehículo o pieza del mismo, *cuando ocurra una o más de las circunstancias dispuestas por la sec. 3213 del Título 9, parte de la 'Ley para la Protección de la Propiedad Vehicular'.*" (Énfasis suplido.) Art. 3 de la Ley Uniforme de Confiscaciones de 1988 (34 L.P.R.A. sec. 1723a).

público *a detener, inspeccionar y retener para investigación, en determinadas circunstancias, cualquier vehículo o pieza por el período de tiempo que razonablemente sea necesario, que no exceda de treinta días calendario.* A estos efectos, el referido Art. 14 establece, en lo pertinente, que

> [s]e faculta a los agentes del orden público *a detener e inspeccionar y retener para investigación* por el período de tiempo que razonablemente sea necesario que no exceda de treinta (30) días calendario, cualquier vehículo o pieza *cuando ocurra una o más de las circunstancias que se mencionan a continuación*:
>
> (1) El vehículo o pieza haya sido notificado como apropiado ilegalmente, robado, desaparecido, destruido o exportado.
>
> (2) Cuando el vehículo no exhiba tablillas o las tablillas del vehículo estén alteradas, modificadas o no correspondan a las expedidas para el vehículo por el Departamento de Transportación y Obras Públicas u otra autoridad competente, o no correspondan al sello de inspección que porta el vehículo.
>
> (3) Alguno de los números de serie o de identificación del vehículo o de partes imprescindibles del mismo que se encuentren a vista abierta hayan sido borrados, mutilados, alterados, sustituidos, sobrepuestos, desprendidos, adaptados o de alguna forma modificados.
>
> (4) La información contenida en la licencia o cualquier otro documento que se presente sea distinta o en algún aspecto sustancial no coincida con la descripción física del vehículo o pieza y que podría indicar que se trata de un vehículo desaparecido o hurtado.
>
> (5) El vehículo presente alteraciones en el mecanismo o sistema de ignición o el sistema de ignición esté funcionando sin necesidad de la llave de ignición o en forma directa.
>
> (6) Cuando se tenga motivos fundados para creer que al vehículo se le haya instalado un motor distinto al original y el conductor, poseedor o dueño no produzca documentación sobre la procedencia de dicho motor.
>
> (7) Cuando las cerraduras del vehículo aparezcan forzadas y esto pueda observarse a simple vista y el conductor, poseedor o dueño no pueda explicar satisfactoriamente la razón para ello.
>
> (8) Cuando partes imprescindibles del vehículo que estén a vista abierta, incluyendo los asientos, no correspondan al vehículo en particular y el dueño o persona que tenga el control del vehículo no pueda explicar satisfactoriamente la procedencia de dichas partes.

(9) Cuando el vehículo demuestre a simple vista perforaciones en su carrocería que aparenten ser producidas por proyectiles.

(10) Cuando el vehículo esté siendo remolcado, ya sea por grúa u otro vehículo, y existan motivos fundados para creer que se trata de un vehículo desaparecido, robado, apropiado ilegalmente, y la persona que lo remolca no pueda explicar las razones para realizar dicha labor y la autorización para así hacerlo.

(11) El vehículo no aparezca debidamente registrado conforme lo establecido por este capítulo en el Departamento de Transportación y Obras Públicas y se tenga conocimiento de tal hecho.

(12) Cuando el vehículo esté circulando por las vías públicas con un marbete que no le corresponde al vehículo según la licencia del mismo.

(13) El vehículo o pieza es uno que está abandonado según lo define este capítulo. (Énfasis suplido.)

Como vemos, el antes transcrito Art. 14 *establece una vía adicional* —además de la facultad de confiscación conferida por el Art. 2 de la Ley Uniforme de Confiscaciones de 1988, ante, que autoriza al Estado a confiscar toda propiedad utilizada o que sea el producto de actividad delictiva— por la cual el Estado podrá incautar un vehículo de motor para investigación, *si están presentes una o más de las circunstancias antes transcritas.*

En fin —en casos de vehículos de motor— *el Estado está facultado a realizar el acto de confiscación por vía de dos disposiciones legales: el Art. 2 de la Ley Uniforme de Confiscaciones de 1988, ante, y el Art. 14 de la Ley para la Protección de la Propiedad Vehicular, ante.* En otras palabras, cuando un vehículo de motor ha sido utilizado en la comisión de un delito, o sea, el producto de éste, el Estado podrá incautarlo y confiscarlo, conforme las disposiciones del Art. 2 de la Ley Uniforme de Confiscaciones de 1988, ante. Por otro lado, aun cuando el vehículo no haya sido utilizado en la comisión de un delito, éste podrá ser incautado por los agentes del orden público —y posteriormente confiscado— cuando ocurran una o más de las circunstan-

cias mencionadas en el Art. 14 de la Ley para la Protección de la Propiedad Vehicular, *ante*.

 B. Además de establecer el procedimiento mediante el cual se llevará a cabo la confiscación, la Ley Uniforme de Confiscaciones de 1988 *establece la manera en que se notificará el hecho de la confiscación a las partes con interés.* A esos efectos, la referida ley requiere que se notifique de la confiscación al dueño, según consta en el Registro de Vehículos, al que se considere dueño, al acreedor condicional que tiene su gravamen inscrito en el Departamento de Transportación y Obras Públicas, y al encargado o persona con derecho o interés en la propiedad ocupada. El requisito estatutario de notificación a cada una de esas personas persigue el propósito de salvaguardar los derechos constitucionales de una parte que tiene algún interés en la propiedad confiscada y brindarle la oportunidad de argumentar y probar las defensas válidas que pueda tener. *Pueblo v. Echevarría Arroyo*, 157 D.P.R. 158 (2002).

 De *particular pertinencia y relevancia* al caso hoy ante nuestra consideración, el Art. 4 de la Ley Uniforme de Confiscaciones de 1988, *ante*, *establece el procedimiento de notificación* que deberá seguir el Estado, luego de haberse decidido a confiscar la propiedad, *y dispone el término dentro del cual se realizará dicha notificación.* A estos efectos, el referido Art. 4 expresa lo siguiente:

> La notificación se hará en forma fehaciente dentro de quince (15) días *a partir de la entrega del informe redactado por los Oficiales del Orden Público relacionado con la investigación requerida por las secs. 3201 et seq. del Título 9,* y su envío se hará por correo con acuse de recibo a la dirección conocida del dueño, encargado o persona con derecho o interés en la propiedad ocupada. (Énfasis suplido.)

 El segundo párrafo del mismo Art. 4 dispone que:

> En los casos de confiscación *al amparo de las secs. 3201 et*

*seq. del Título 9*, conocidas como "Ley para la Protección de la Propiedad Vehicular", la notificación se hará en forma fehaciente dentro de quince (15) días *a partir de la entrega del informe redactado por los Oficiales del Orden Público relacionado con la investigación requerida por dicha ley*; y su envío se hará por correo con acuse de recibo a la dirección conocida del dueño, encargado o persona con derecho o interés en la propiedad ocupada. (Énfasis suplido.)[7]

En *López v. Secretaria*, 162 D.P.R. 345 (2004) —caso en que se le imputaron al allí recurrido *tanto* infracciones a la Ley de Sustancias Controladas *como* a la Ley para la Protección de la Propiedad Vehicular— expresamos que el texto del Art. 4 de la Ley Uniforme de Confiscaciones de 1988, ante, era claro al pautar que el término de quince días para efectuar la notificación de la confiscación de un vehículo de motor comienza a transcurrir a partir de la fecha en que la Superintendencia Auxiliar de Investigaciones Criminales del Negociado de Investigaciones de Vehículos Hurtados de la Policía de Puerto Rico emite el correspondiente Certificado de Inspección de Vehículos de Motor del vehículo confiscado, según requerido por el Art. 14 de la Ley para la Protección de la Propiedad Vehicular, ante.

En el referido caso, sin embargo, *no nos expresamos específicamente en cuanto a cuándo comienza a computarse el término de quince días* que tiene el Estado para hacer la notificación *en la situación en que únicamente se alega la comisión de los delitos incluidos en el antes citado Art. 2 de la Ley Uniforme de Confiscaciones de 1988*; esto es, en la

---

[7] El Art. 17 de la Ley para la Protección de la Propiedad Vehicular, 9 L.P.R.A. sec. 3216(3), establece una *excepción* al procedimiento general de notificación de la confiscación de un vehículo de motor, al disponer que se faculta a los agentes del orden público a

"(3) Confiscar cualquier vehículo, pieza o chatarra, notificados como apropiados ilegalmente, robados, desaparecidos, destruidos o exportados y el conductor, poseedor o la persona que reclama ser dueña no pueda presentar prueba de su título, siguiendo para ello los procedimientos establecidos en las secs. 1723 *et seq.* del Título 34, conocidas como la 'Ley Uniforme de Confiscaciones', *excepto* que la notificación de confiscación a la persona o personas con interés en la propiedad confiscada se hará dentro de los próximos veinte (20) días, contados a partir desde el momento de la ocupación de la propiedad; ...." (Énfasis suplido.)

situación en que *no* existe ninguna de las circunstancias enumeradas en el Art. 14 de la Ley para la Protección de la Propiedad Vehicular, ante. *El presente caso nos brinda la oportunidad para hacerlo.*[8]

En vista de ello, acometemos hoy la encomienda de *aclarar y resolver: si el término para notificar la confiscación de un vehículo de motor, establecido en el Art. 4 de la Ley Uniforme de Confiscaciones de 1988, ante, comienza o no a transcurrir desde la fecha del informe que requiere la Ley para la Protección de la Propiedad Vehicular, independientemente de si estos actos se encuentran comprendidos o no dentro de la enumeración contenida en el citado Art. 14 de la referida ley, o si, por el contrario, en los casos de confiscaciones exclusivamente bajo el citado Art. 2 de la Ley Uniforme de Confiscaciones de 1988, dicho término comienza a contarse a partir de la ocupación del vehículo confiscado.*

## II

En el caso hoy ante nuestra consideración, como hemos visto, el vehículo en controversia fue confiscado bajo las disposiciones del Art. 2 de la Ley Uniforme de Confiscaciones de 1988, ante, *sin* estar presentes ninguna de las circunstancias enumeradas en el Art. 14 de la Ley para la Protección de la Propiedad Vehicular, ante.

Surge la interrogante, en consecuencia, de si las disposiciones del mencionado Art. 4 de la Ley Uniforme de Confiscaciones de 1988 —que establece el término de notificación de quince días, contado "a partir de la entrega del

---

[8] En *Cooperativa v. E.L.A.*, 159 D.P.R. 37 (2003), el 20 de julio de 2004, *ante unos hechos prácticamente iguales a los del presente caso y mediante Sentencia*, este Tribunal aplicó la norma del caso *López v. Secretaria*, 162 D.P.R. 345 (2004), *sin hacer distinción alguna entre los casos de las confiscaciones realizadas al amparo de las disposiciones del Art. 2 de la Ley Uniforme de Confiscaciones de 1988* (34 L.P.R.A. sec. 1723) *y las llevadas a cabo bajo las del Art. 14 de la Ley para la Protección de la Propiedad Vehicular*, 9 L.P.R.A. sec. 3213. La entonces Jueza Presidenta del Tribunal, Señora Naveira Merly —Juez ponente en el caso *López v. Secretaria*, ante— el Juez Asociado Señor Rivera Pérez y el Juez suscribiente "no intervinieron" en dicha decisión.

informe redactado por los Oficiales del Orden Público" aplica, *en todo su rigor y extensión*, a los hechos del presente caso.

Los planteamientos de los aquí recurridos sobre este particular, acogidos éstos tanto por el tribunal de instancia como por el foro apelativo intermedio, son a los efectos de que los delitos de apropiación ilegal, falsificación de documentos y posesión y traspaso de documentos falsificados —por los que fue denunciado Garay Marrero y por los cuales se confiscó el vehículo de motor objeto de litigio— no están comprendidos dentro de las circunstancias que se expresan en el Art. 14 de la Ley para la Protección de la Propiedad Vehicular, ante. Alegan, en consecuencia, que en el presente caso —por no imputarse violaciones a la referida ley— no procedía ni la investigación ni la redacción del informe producto de ésta, al cual se refiere el Art. 4 de la Ley Uniforme de Confiscaciones de 1988, ante. Sostienen los recurridos, por consiguiente, que dicho informe únicamente procede en aquellas circunstancias específicas en que el Art. 14 de la Ley para la Protección de la Propiedad Vehicular, ante, permite que se realice una investigación y que, al no proceder el informe, no aplica el término de quince días para notificar la confiscación a partir de la entrega de éste. En consecuencia, sostienen que la notificación del vehículo debió verificarse dentro de los quince días a partir de la *ocupación* del vehículo, y no a partir de la fecha en que se rindió el informe.

III

La correcta disposición del presente caso requiere que consideremos, *en conjunto*, las disposiciones de la Ley para la Protección de la Propiedad Vehicular y de la Ley Uniforme de Confiscaciones de 1988, y atender al propósito de las enmiendas hechas por el legislador a fin de aclarar y

precisar el procedimiento por seguir en la acción confiscatoria.

La Asamblea Legislativa aprobó la Ley Núm. 95 de 20 de marzo de 1999 con el propósito de enmendar tanto el Art. 14 de la Ley para la Protección de la Propiedad Vehicular, ante, como el Art. 4 de la Ley Uniforme de Confiscaciones de 1988, ante. La exposición de motivos de la referida pieza legislativa dispone que "en aras de brindar al Departamento de Justicia y a la Policía de Puerto Rico las herramientas para el debido trámite de las investigaciones y la posterior radicación de la causa de acción y de los casos en los tribunales", le corresponde a la Asamblea Legislativa *atemperar* las dos leyes antes citadas. 1999 (Parte 1) Leyes de Puerto Rico 325.

En la referida exposición de motivos se expresa que la Ley para la Protección de la Propiedad Vehicular establece un mecanismo para la investigación de la procedencia y titularidad de los vehículos en determinadas circunstancias enumeradas en su Art. 14, ante. Esta disposición presentaba un problema, anterior a la enmienda, que consistía en que no precisaba cuál era el período de tiempo dentro del cual los agentes del orden público podían retener para investigación un vehículo de motor.[9] Por otro lado, la anterior Ley Uniforme de Confiscaciones de 1988 *disponía* que la notificación de una confiscación debía realizarse dentro de los quince días a partir de la *ocupación* de la propiedad.[10] Dicha exigencia, alegadamente, causaba que los distintos funcionarios del Estado, responsables del proceso de confiscación y de la presentación de cargos cri-

[9] Dicha disposición sólo hacía referencia a un "período de tiempo razonablemente necesario" sin especificar exactamente en cuánto consistía éste.

[10] El Art. 4 de la Ley Uniforme de Confiscaciones de 1988, ante, disponía lo siguiente:

"La notificación se hará en forma fehaciente, *dentro de los quince (15) días siguientes a la ocupación*, mediante su envío por correo con acuse de recibo a la dirección conocida del dueño, encargado o persona con derecho o interés en la propiedad ocupada." (Énfasis suplido.)

minales, no contaran con suficiente tiempo para descargar con responsabilidad sus funciones y obligaciones.

■ Con el propósito de resolver esta situación, la Asamblea Legislativa entendió procedente establecer un término, *específico y común a ambas disposiciones estatutarias*, el cual le daría más "espacio" a estos funcionarios. En lo que respecta al Art. 14 de la Ley para la Protección de la Propiedad Vehicular, ante, éste se enmendó para disponer que, cuando ocurriera una o más de las situaciones allí mencionadas, los agentes del orden público tendrían un término, *que no excedería de treinta días*, para retener el vehículo o pieza de éste mientras completaban la investigación criminal.

■ Se enmendó, además, el Art. 4 de la Ley Uniforme de Confiscaciones de 1988, ante, *modificándose el punto de partida desde el cual comienza a transcurrir el término para notificar la confiscación*, de modo que éste ya *no* se compute a partir de la ocupación de la propiedad. Se dispuso, además, que dichos agentes debían redactar un informe producto de la investigación realizada. Se estableció que *a partir de la entrega de este informe* es que comenzará a transcurrir el término de quince días que tiene el Estado para notificar la confiscación.

■ Dicho de otra manera, *en relación con ambas vías confiscatorias* —la establecida por el mencionado Art. 2 de la Ley Uniforme de Confiscaciones de 1988 y la dispuesta por el referido Art. 14 de la Ley para la Protección de la Propiedad Vehicular— *se requiere una investigación de parte de los agentes del orden público y la preparación de un informe por parte de dichos agentes dentro del término de treinta días.*

El Estado, entonces, estará obligado a notificar la confiscación a las partes interesadas dentro del término de quince días, contado dicho término a partir de la fecha de entrega del informe.

■ Es correcto que la Ley Núm. 32 de 14 de enero de 2000 se aprobó, entre otros fines, para añadir un *segundo párrafo* al citado Art. 4 de la Ley Uniforme de Confiscaciones de 1988. Este segundo párrafo menciona, *específicamente*, los casos de confiscaciones al amparo de la Ley para la Protección de la Propiedad Vehicular. Esta enmienda en nada altera lo ya dispuesto por la enmienda de la Ley Núm. 95, ante. De hecho, ésta constituye la "mejor evidencia" de la intención legislativa, esto es, *que en las dos situaciones contempladas por nuestro ordenamiento jurídico en relación con las confiscaciones* —aquellas bajo el Art. 2 de la Ley Uniforme de Confiscaciones de 1988, ante, y las llevadas a cabo bajo el Art. 14 de la Ley para la Protección de la Propiedad Vehicular, ante— *el término de los quince días que tiene el Estado para notificar a las partes interesadas de la confiscación comenzará a transcurrir a partir de la entrega del informe que los funcionarios correspondientes tienen que rendir en ambas situaciones.*

■ Como sabemos, el deber del Estado de notificar la confiscación a las partes con interés es requisito fundamental del debido proceso de ley. Somos del criterio que la Asamblea Legislativa, por entender que no era necesario hacer referencia específica a todas las instancias en que un vehículo de motor puede estar sujeto a confiscación, enmendó el Art. 4 de la Ley Uniforme de Confiscaciones de 1988, ante, para que su *primer párrafo* aplicara *de forma general* a todas aquellas instancias en las cuales el Estado, a través del Departamento de Justicia, pueda confiscar un vehículo de motor amparado en el Art. 2 de la Ley Uniforme de Confiscaciones de 1988, ante, y que, *el segundo párrafo*, aplicara de forma específica a las confiscaciones de vehículos de motor amparadas en el Art. 14 de la Ley para la Protección de la Propiedad Vehicular, ante. *En ambas instancias, sin embargo, se empleará el mismo procedimiento de notificación de la confiscación.* No tenemos duda de que el *propósito del legislador*, al enmendar ambos ar-

tículos, *fue impartirle uniformidad a los procedimientos de confiscación y de notificación de éstos.*

■ Resolvemos, en consecuencia, que en *todo tipo de confiscaciones de vehículos de motor* —independientemente del propósito o fin ilegal para el que se utilice el bien confiscado— *se requiere que los agentes del orden público realicen una investigación para los fines correspondientes y que redacten un informe producto de ésta, informe que deberá ser realizado y entregado dentro del término de treinta días de haber sido ocupado el vehículo. Resolvemos, además, que a partir de la entrega de este informe a la División de Confiscaciones del Departamento de Justicia comenzará a transcurrir el término de quince días que tiene el Estado para notificar de tal confiscación a las partes con interés.*

## IV

Por los fundamentos antes expuestos, *procede dictar sentencia revocatoria de la emitida en el presente caso por el Tribunal de Apelaciones y devolver el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de forma compatible con lo aquí dispuesto.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Fuster Berlingeri concurrió con el resultado sin opinión escrita.