EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| First Bank y Universal Insurance Company<br><br>Demandantes-recurridas<br><br>vs.<br><br>Estado Libre Asociado de Puerto Rico, Secretario de Justicia y Superintendente de la Policía<br><br>Demandados-peticionarios | Certiorari<br><br>2005 TSPR 76<br><br>164 DPR ____ |

Número del Caso: CC-2003-694

Fecha: 2 de junio de 2005

Tribunal de Apelaciones:

        Circuito Regional II Bayamón, Panel II

Juez Ponente:

        Hon. Héctor Urgell Cuebas

Abogado de la Parte Recurrida:

        Lcdo. José J. Marrero Montijo

Oficina del Procurador General:

        Lcdo. Héctor Clemente Delgado
        Procurador General Auxiliar

Materia: Impugnación de Confiscación

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

First Bank y Universal
Insurance Company

    Demandantes-recurridas

        vs.                 CC-2003-694     CERTIORARI

Estado Libre Asociado de Puerto
Rico, Secretario de Justicia y
Superintendente de la Policía

    Demandados-peticionarios

OPINIÓN DEL TRIBUNAL EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

En San Juan, Puerto Rico, a 2 de junio de 2005

El <u>12 de marzo de 2002</u>, agentes del orden público <u>ocuparon</u> un vehículo de motor marca Mazda, modelo Pick-up, del año 1999, tablilla número 635-744, perteneciente a David Garay Marrero por alegadamente haber sido utilizado el mismo en la comisión de los delitos de apropiación ilegal agravada, falsificación de documentos, y posesión y traspaso de documentos falsificados, Artículos 166, 271 y 272 del Código Penal, 33 L.P.R.A. secs. 472, 451, y 4592. La conducta delictiva imputada a Garay Marrero consistió, en síntesis y en lo pertinente, en el uso de "treta o engaño" para la apropiación ilegal de unas unidades de aires acondicionados.

El 11 de abril de 2002, y luego de que los agentes del orden público finalizaran una investigación con el fin de inspeccionar la propiedad confiscada, la Superintendencia Auxiliar en Investigaciones Criminales, Negociado de Investigaciones de Vehículos Hurtados de la Policía de Puerto Rico, emitió un informe titulado Certificado de Inspección de Vehículos de Motor.[1]

Así las cosas, el 25 de abril de 2002, la Junta de Confiscaciones del Departamento de Justicia notificó la confiscación efectuada, por correo certificado, a las personas y entidades con interés en la propiedad. Entre otros, la Junta de Confiscaciones notificó a David Garay Marrero, y a First Bank, entidad financiera quien es la vendedora condicional del vehículo ocupado y que tiene un gravamen a su favor en el Registro de Automóviles del Departamento de Obras Públicas sobre el vehículo confiscado.

El 9 de mayo de 2002 First Bank y su aseguradora, Universal Insurance Company[2], presentaron ante el Tribunal de Primera Instancia, Sala Superior de Bayamón, una demanda civil de impugnación de confiscación. Se alegó, en síntesis, que la aludida confiscación era nula e ilegal por haberse notificado este hecho a todas las partes con interés de

---

[1] El referido certificado revela que la inspección se realizó a consecuencia de una orden de confiscación y que la misma reveló que la unidad y los números de serie impresos por el manufacturero aparentaban ser originales.

[2] Universal Insurance tiene una póliza de seguros expedida a favor de First Bank para cubrir el riesgo de confiscaciones.

forma tardía. Esto en virtud de que, según alegaron, el Artículo 4 de la Ley Núm. 93 de 13 de julio de 1988, mejor conocida como la Ley Uniforme de Confiscaciones, 34 L.P.R.A. sec. 1723(b), dispone que el término de quince (15) días que tiene el Estado para efectuar la notificación de la confiscación debe computarse a partir de la fecha de la ocupación del vehículo objeto del litigio[3].

Luego de varios incidentes y trámites procesales, el 23 de septiembre de 2002, el foro primario emitió sentencia declarando con lugar la demanda y decretando, de este modo, la nulidad de la confiscación realizada. Fundamentó su decisión en que la referida confiscación se había notificado fuera del término de quince (15) días establecidos en el Artículo 4 de la Ley Uniforme de Confiscaciones, ante.

Insatisfecho con tal determinación, el Procurador General acudió ––vía recurso de apelación–– ante el Tribunal de Apelaciones, alegando, en síntesis, que según el referido Artículo 4 de la Ley Uniforme de Confiscaciones, ante, la confiscación debía notificarse dentro de quince (15) días, contados los mismos a partir de la entrega del informe que redactaran los agentes del orden público y luego de culminado el período de treinta (30) días de investigación provisto en el Artículo 14 de la Ley Para la Protección de Propiedad Vehicular, 9 L.P.R.A. sec. 3213; alegó el

---

[3] Por tal razón, alegan que la notificación debió haber sido realizada, a más tardar, el 27 de marzo de 2002.

Procurador que es incorrecto que este término se compute desde la fecha en que fuera ocupado el vehículo.

Así las cosas, el 18 de agosto de 2003, el foro apelativo intermedio dictó sentencia confirmando la sentencia emitida por el Tribunal de Primera Instancia. Indicó, que el término para notificar una confiscación comenzaba a decursar desde el acto de la ocupación y que, por tanto, la notificación hecha por el Estado en este caso había sido realizada fuera del término dispuesto por ley.[4] Señaló, además, que por no estar comprendidos los delitos imputados a Garay Marrero dentro de las circunstancias que menciona el Artículo 14 de la Ley para la Protección de la Propiedad Vehicular, no procedía extender el término para notificar la confiscación ni disponer que esta se realizaría dentro de quince (15) días a partir de la entrega del informe redactado por los agentes del orden público.

Inconforme con tal dictamen, el Procurador General recurrió, vía certiorari, ante este Tribunal. Señaló que incidió el Tribunal de Apelaciones:

---

[4] Tanto el foro primario como el foro apelativo intermedio utilizaron, para sustentar su decisión, lo que disponía el Artículo 4 de la Ley Uniforme de Confiscaciones, antes de que este fuese enmendado por la Ley Núm. 95 de 20 de marzo de 1999 y por la Ley Núm. 32 de 14 de enero de 2000. El referido Artículo establecía lo siguiente:

> La notificación se hará en forma fehaciente, dentro de los quince (15) días siguientes a la ocupación, mediante su envío por correo con acuse de recibo a la dirección conocida del dueño, encargado o persona con derecho o interés en la propiedad ocupada.

... al decretar la improcedencia de la confiscación de un vehículo de motor a base de un cómputo equivocado del término aplicable para notificar tal acción.

Expedimos el recurso. Contando con la comparecencia de todas las partes, y estando en posición de resolver el recurso radicado, procedemos a así hacerlo.

I

La confiscación "es el acto de ocupación y de investirse para sí, que realiza el Estado por mandato legislativo y actuación del ejecutivo, de todo derecho de propiedad sobre cualesquiera bienes, que hayan sido utilizados en la comisión de delitos". Cooperativa de Seguros Múltiples v. E.L.A., res. el 20 de marzo de 2003, 2003 T.S.P.R. 40; Del Toro Lugo v. E.L.A., 136 D.P.R. 973, 980 (1994).

La Ley Uniforme de Confiscaciones fue creada con el propósito principal de ampliar la autoridad del Estado para confiscar la propiedad que ha sido utilizada con fines ilegales[5], entre ésta, vehículos de motor. Uno de los propósitos que motivó esta legislación fue que la confiscación de los bienes pudiera servir como elemento disuasivo para el delincuente quien, por temor a exponerse al peligro de perder su propiedad, optara por limitar su

_____

[5] La Ley Uniforme de Confiscaciones de 1988, sustituyó la antigua Ley Uniforme de Confiscación de Vehículos, Bestias y Embarcaciones, Ley Núm. 39 de 4 de julio de 1960.

actividad delictiva o se dificultara su realización. Del Toro Lugo v. E.L.A., ante a la pág. 987.

A tenor con estos propósitos, el Artículo 2 de la Ley Uniforme de Confiscaciones, 34 L.P.R.A. sec. 1723, le confiere al Estado Libre Asociado de Puerto Rico la facultad de confiscar:

> [t]oda propiedad que sea utilizada en relación a, o sea el resultado o producto de la comisión de delitos graves y de aquellos delitos menos graves en que por ley se autorice la confiscación, cuando tales delitos graves y menos graves estén tipificados en el Código Penal del Estado Libre Asociado de Puerto Rico, en las leyes de sustancias controladas, de armas y explosivos, en las leyes contra el crimen organizado, en las leyes de juegos prohibidos, bebidas alcohólicas, leyes fiscales, leyes contra la apropiación ilegal de vehículos, leyes de vehículos y tránsito de embarcaciones, así como en otras leyes y aquella propiedad que esté sujeta a una sentencia de confiscación que así lo autorice, será confiscada a favor del Estado Libre Asociado de Puerto Rico.(Énfasis nuestro y citas omitidas.)

A.

El Artículo 3 de la Ley Uniforme de Confiscaciones, 34 L.P.R.A. sec. 1723a, establece el procedimiento a seguir siempre que se ocupe cualquier propiedad sobre la cual el Estado tiene la facultad de confiscar. La aludida disposición estatutaria establece que la ocupación se llevará a cabo por la agencia del orden público o por el funcionario a cargo de la implementación de la Ley.

Específicamente, el referido artículo del ley establece el procedimiento a seguir cuando la propiedad que se confisca es un vehículo de motor que alegadamente ha sido

utilizado en la comisión de un delito. En estos casos, el funcionario bajo cuya autoridad se efectúa la ocupación viene en la obligación de notificar este hecho al dueño según consta en el Registro de Vehículos del Departamento de Transportación y Obras Públicas, al acreedor condicional que a la fecha de la ocupación haya presentado su contrato para ser archivado en este Registro y, en algunos casos al acreedor hipotecario.[6]

De igual forma, la referida disposición estatutaria establece la facultad que tendrá la agencia del orden

---

[6] La referida disposición estatutaria dispone, en lo aquí pertinente que,

> [. . .]
> (2) El funcionario bajo cuya autoridad se efectúa la ocupación o la persona en la que él delegue notificará el hecho de la ocupación y la tasación o valor estimado de la propiedad ocupada a las personas siguientes:
> (a) Aquellas que por las circunstancias, información y creencia, el funcionario considere como dueños, y
> (b) en los casos de vehículos de motor, se notificará además al dueño según consta en el Registro de Vehículos del Departamento de Transportación y Obras Públicas y al acreedor condicional que a la fecha de la ocupación haya presentado su contrato para ser archivado. Además, en los casos que aplique, se notificará al acreedor hipotecario de un vehículo de motor cuando se haya cumplido con lo dispuesto en la sec. 4 de la Ley de Junio 3, 1927, Núm. 19.
> (3) La agencia del orden público o el funcionario a cargo de la implantación de la ley, tendrá la facultad de incautar y retener para investigación, por un período de hasta treinta (30) días, cualquier vehículo o pieza del mismo, cuando ocurra una o más de las circunstancias dispuestas por la sec. 3213 del Título 9, parte de la "Ley para la Protección de la Propiedad Vehicular". (Énfasis nuestro y citas omitidas.)

público o el funcionario a cargo de la implantación de la ley para incautar y retener para investigación cualquier vehículo o pieza del mismo cuando ocurra una o más de las circunstancias dispuestas por el Artículo 14 de la Ley Núm. 8 del 5 de agosto de 1987, mejor conocida como la Ley para la Protección de Propiedad Vehicular, 9 L.P.R.A. sec. 3213.

El Artículo 14 de la referida Ley faculta a los agentes del orden público, a detener e inspeccionar y retener para investigación, en determinadas circunstancias, cualquier vehículo o pieza por el período de tiempo que razonablemente sea necesario que no exceda de treinta (30) días calendario. A estos efectos, el referido Artículo 14 establece que:

> Se faculta a los agentes del orden público a detener e inspeccionar y retener para investigación por el período de tiempo que razonablemente sea necesario que no exceda de treinta (30) días calendario, cualquier vehículo o pieza cuando ocurra una o más de las circunstancias que se mencionan a continuación:
>
> (1) El vehículo o pieza haya sido notificado como apropiado ilegalmente, robado, desaparecido, destruido o exportado.
>
> (2) Cuando el vehículo no exhiba tablillas o las tablillas del vehículo estén alteradas, modificadas o no correspondan a las expedidas para el vehículo por el Departamento de Transportación y Obras Públicas u otra autoridad competente, o no correspondan al sello de inspección que porta el vehículo.
>
> (3) Alguno de los números de serie o de identificación del vehículo o de partes imprescindibles del mismo que se encuentren a vista abierta hayan sido borrados, mutilados, alterados, sustituidos, sobrepuestos, desprendidos, adaptados o de alguna forma modificados.
>
> (4) La información contenida en la licencia o cualquier otro documento que se presente sea distinta o en algún aspecto sustancial no coincida con la descripción física del vehículo o pieza y que podría indicar que se trata de un vehículo desaparecido o hurtado.

(5) El vehículo presente alteraciones en el mecanismo o sistema de ignición o el sistema de ignición esté funcionando sin necesidad de la llave de ignición o en forma directa.

(6) Cuando se tenga motivos fundados para creer que al vehículo se le haya instalado un motor distinto al original y el conductor, poseedor o dueño no produzca documentación sobre la procedencia de dicho motor.

(7) Cuando las cerraduras del vehículo aparezcan forzadas y esto pueda observarse a simple vista y el conductor, poseedor o dueño no pueda explicar satisfactoriamente la razón para ello.

(8) Cuando partes imprescindibles del vehículo que estén a vista abierta, incluyendo los asientos, no correspondan al vehículo en particular y el dueño o persona que tenga el control del vehículo no pueda explicar satisfactoriamente la procedencia de dichas partes.

(9) Cuando el vehículo demuestre a simple vista perforaciones en su carrocería que aparenten ser producidas por proyectiles.

(10) Cuando el vehículo esté siendo remolcado, ya sea por grúa u otro vehículo, y existan motivos fundados para creer que se trata de un vehículo desaparecido, robado, apropiado ilegalmente, y la persona que lo remolca no pueda explicar las razones para realizar dicha labor y la autorización para así hacerlo.

(11) El vehículo no aparezca debidamente registrado conforme lo establecido por este capítulo en el Departamento de Transportación y Obras Públicas y se tenga conocimiento de tal hecho.

(12) Cuando el vehículo esté circulando por las vías públicas con un marbete que no le corresponde al vehículo según la licencia del mismo.

(13) El vehículo o pieza es uno que está abandonado según lo define este capítulo. (énfasis suplido).

Como vemos, el antes transcrito Artículo 14 <u>establece una vía adicional</u> --además de la facultad de confiscación conferida por el Artículo 2 de la Ley Uniforme de Confiscaciones que autoriza al Estado a confiscar toda propiedad utilizada o que sea el producto de actividad

delictiva-- por la cual el Estado podrá incautar un vehículo de motor para investigación, <u>si están presentes una o más de las circunstancias antes transcritas.</u>

En fin --en casos de vehículos de motor-- <u>el Estado está facultado a realizar el acto de confiscación por vía de dos disposiciones legales: el Artículo 2 de la Ley Uniforme de Confiscaciones y el Artículo 14 de la Ley Para la Protección de la Propiedad Vehicular</u>. En otras palabras, cuando un vehículo de motor ha sido utilizado en la comisión de un delito, o sea el producto de éste, el Estado podrá incautar, y confiscar, el mismo conforme las disposiciones del Artículo 2 de la Ley Uniforme de Confiscaciones. Por otro lado, aun cuando el vehículo no haya sido utilizado en la comisión de un delito, el mismo podrá ser incautado por los agentes del orden público --y posteriormente confiscado-- cuando ocurran una o más de las circunstancias mencionadas en el Artículo 14 de la Ley para la Protección de Propiedad Vehicular.

B.

Además de establecer el procedimiento mediante el cual se llevará a cabo la confiscación, la Ley Uniforme de Confiscaciones <u>establece la manera en que se notificará el hecho de la confiscación a las partes con interés</u>. A esos efectos, la referida Ley requiere que se notifique de la confiscación al dueño, según consta en el Registro de Vehículos, al que se considere dueño, al acreedor

condicional que tiene su gravamen inscrito en el Departamento de Transportación y Obras Públicas, y al encargado o persona con derecho o interés en la propiedad ocupada. El requisito estatutario de notificación a cada una de esas personas persigue el propósito de salvaguardar los derechos constitucionales de una parte que tiene algún interés en la propiedad confiscada y brindarle la oportunidad de levantar y probar las defensas válidas que pueda tener. Pueblo v. Echevarría Arroyo, res. el 11 de junio de 2002, 2002 T.S.P.R. 78.

De particular pertinencia y relevancia al caso hoy ante nuestra consideración, el Artículo 4 de La Ley Uniforme de Confiscaciones, ante, establece el procedimiento de notificación que deberá seguir el Estado, luego de haberse decidido confiscar la propiedad, y dispone el término dentro del cual se realizará dicha notificación. A estos efectos el referido Artículo 4 expresa lo siguiente:

> La notificación se hará en forma fehaciente dentro de quince (15) días a partir de la entrega del informe redactado por los Oficiales del Orden Público relacionado con la investigación requerida por las secs. 3201 et seq. del Título 9, y su envío se hará por correo con acuse de recibo a la dirección conocida del dueño, encargado o persona con derecho o interés en la propiedad ocupada.(énfasis nuestro).

El segundo párrafo del mismo Artículo 4 dispone que:

> En los casos de confiscación al amparo de las secs. 3201 et seq. del Título 9, conocidas como "Ley para la Protección de la Propiedad Vehicular", la notificación se hará en forma fehaciente dentro de quince (15) días a partir de la entrega del informe redactado por los Oficiales del Orden Público relacionado con la

investigación requerida por dicha ley; y su envío se hará por correo con acuse de recibo a la dirección conocida del dueño, encargado o persona con derecho o interés en la propiedad ocupada. [...](citas omitidas). (énfasis suplido).[7]

En López Rivas v. Secretaria de Justicia, res. el 28 de junio de 2004, 2004 T.S.P.R. 109 --caso en que se le imputaron al allí recurrido tanto infracciones a la Ley de Sustancias Controladas como a la Ley para la Protección de Propiedad Vehicular-- expresamos que el texto del Artículo 4 de la Ley Uniforme de Confiscaciones, ante, era claro al pautar que el término de quince (15) días para efectuar la notificación de la confiscación de un vehículo de motor comienza a decursar a partir de la fecha en que la Superintendencia Auxiliar de Investigaciones Criminales del Negociado de Investigaciones de Vehículos Hurtados de la Policía de Puerto Rico emite el correspondiente Certificado

---

[7] El Artículo 17 de la Ley para la Propiedad Vehicular, 9 L.P.R.A. sec. 3216, establece una excepción al procedimiento general de notificación de la confiscación de un vehículo de motor al disponer que se faculta a los agentes del orden público a:

[...]
3) Confiscar cualquier vehículo, pieza o chatarra, notificados como apropiados ilegalmente, robados, desaparecidos, destruidos o exportados y el conductor, poseedor o la persona que reclama ser dueña no pueda presentar prueba de su título, siguiendo para ello los procedimientos establecidos en las secs. 1723 et seq. del Título 34, conocidas como la "Ley Uniforme de Confiscaciones", excepto que la notificación de confiscación a la persona o personas con interés en la propiedad confiscada se hará dentro de los próximos veinte (20) días, contados a partir desde el momento de la ocupación de la propiedad;[...].(citas omitidas).

de Inspección de Vehículos de Motor del vehículo confiscado según requerido por el Artículo 14 de la ley para la Protección de Propiedad Vehicular, 9 L.P.R.A. sección 3201 *et seq.*

En el referido caso, sin embargo, no nos expresamos específicamente en cuanto a cuándo comienza a computarse el término de quince (15) días, que tiene el Estado para hacer la notificación, en la situación en que únicamente se alega la comisión de los delitos contemplados por el antes citado Artículo 2 de la Ley Uniforme de Confiscaciones; esto es, en la situación en que no existen ninguna de las circunstancias enumeradas en el Artículo 14 de la Ley para la Protección de Propiedad Vehicular. El presente caso nos brinda la oportunidad para hacerlo.[8]

En vista de ello, acometemos hoy la encomienda de aclarar, y resolver: si el término para notificar la confiscación de un vehículo de motor, establecido en el Artículo 4 de la Ley Uniforme de Confiscaciones, ante, comienza, o no, a decursar desde la fecha del informe que requiere la Ley para la Protección de la Propiedad

---

[8] En Cooperativa de Seguros Múltiples v. E.L.A., el 20 de julio de 2004, ante unos hechos prácticamente iguales a los del presente caso y mediante Sentencia, este Tribunal aplicó la norma del caso de López Rivas, ante, sin hacer distinción alguna entre los casos de las confiscaciones realizadas al amparo de las disposiciones del Artículo 2 de la Ley Uniforme de Confiscaciones y las llevadas a cabo bajo las del Artículo 14 de la Ley para la Protección de la Propiedad Vehicular. La entonces Juez Presidenta del Tribunal, Sra. Naveira Merly --Juez ponente en el caso de López Rivas, ante--, el Juez Asociado señor Rivera Pérez y el Juez suscribiente "no intervinieron" en dicha decisión.

Vehicular, independientemente de si estos actos se encuentran comprendidos o no dentro de la enumeración contenida en el Artículo 14 de la referida Ley, o si, por el contrario, en los casos de confiscaciones exclusivamente bajo el Artículo 2 de la Ley Uniforme de Confiscaciones, dicho término comienza a contarse a partir de la ocupación del vehículo confiscado.

II

En el caso hoy ante nuestra consideración, como hemos visto, el vehículo en controversia fue confiscado bajo las disposiciones del Artículo 2 de la Ley Uniforme de Confiscaciones, no estando presentes ninguna de las circunstancias enumeradas en el Artículo 14 de la Ley de Protección de la Propiedad Vehicular.

Surge la interrogante, en consecuencia, de si las disposiciones del Artículo 4 de la mencionada Ley Uniforme de Confiscaciones —que establece el término de notificación de quince (15) días, contado el mismo "...a partir de la fecha de la entrega del informe redactado por los Oficiales del orden público..." es de aplicación, en todo su rigor y extensión, a los hechos del presente caso.

Los planteamientos de los aquí recurridos sobre este particular, acogidos éstos tanto por el tribunal de instancia como por el foro apelativo intermedio, son a los efectos de que los delitos de apropiación ilegal, falsificación de documentos y posesión y traspaso de

documentos falsificados --por los que fue denunciado Garay Marrero y por los cuales se confiscó el vehículo de motor objeto de litigio-- no están comprendidos dentro de las circunstancias que se expresan en el Artículo 14 de la Ley para la Protección de la Propiedad Vehicular, ante. Alegan, en consecuencia, que en el presente caso --por no imputarse violaciones a la referida Ley-- no procedía ni la investigación ni la redacción del informe producto de la misma, al cual se refiere el Artículo 4 de la Ley Uniforme de Confiscaciones. Sostienen los recurridos, por consiguiente, que dicho informe únicamente procede en aquellas circunstancias específicas en que el Artículo 14 de la Ley para la Protección de la Propiedad Vehicular permite que se realice una investigación y que, al no proceder el informe, no aplica el término de quince (15) días para notificar la confiscación a partir de la entrega del mismo. En consecuencia, sostienen que la notificación del vehículo debió verificarse dentro de los quince (15) días a partir de la ocupación del vehículo y no a partir de la fecha en que se rindió el informe.

III

La correcta disposición del presente caso requiere que consideremos, en conjunto, las disposiciones de la Ley para la Protección de la Propiedad Vehicular y de la Ley Uniforme de Confiscaciones y atender al propósito de las enmiendas

hechas por el legislador a fin de aclarar y precisar el procedimiento a seguir en la acción confiscatoria.

La Asamblea Legislativa aprobó la Ley Núm. 95 de 20 de marzo de 1999, con el propósito de enmendar tanto el Artículo 14 de la Ley para la Protección de la Propiedad Vehicular, como el Artículo 4 de la Ley Uniforme de Confiscaciones. La exposición de motivos de la referida pieza legislativa dispone que "en aras de brindar al Departamento de Justicia y a la Policía de Puerto Rico las herramientas para el debido trámite de las investigaciones y la posterior radicación de la causa de acción y de los casos en los tribunales", le corresponde a la Asamblea Legislativa atemperar las dos leyes antes citadas.

En la referida exposición de motivos se expresa que la Ley para la Protección de la Propiedad Vehicular establece un mecanismo para la investigación de la procedencia y titularidad de los vehículos en determinadas circunstancias enumeradas en su Artículo 14. Esta disposición presentaba un problema, anterior a la enmienda, que consistía en que la misma no precisaba cuál era el período de tiempo dentro del cual los agentes del orden público podían retener para investigación un vehículo de motor [9]. Por otro lado, la anterior Ley Uniforme de Confiscaciones disponía que la notificación de una confiscación debía realizarse dentro de

---

[9] Dicha disposición sólo hacía referencia a un "período de tiempo razonablemente necesario" sin especificar exactamente en cuánto consistía este.

los quince (15) días a partir de la ocupación de la propiedad[10]. Dicha exigencia, alegadamente, causaba que los distintos funcionarios del Estado, responsables del proceso de confiscación y de la radicación de cargos criminales, no contaran con suficiente tiempo para descargar con responsabilidad sus funciones y obligaciones.

Con el propósito de resolver esta situación, la Asamblea Legislativa entendió procedente establecer un término, específico y común a ambas disposiciones estatutarias, el cual le daría más "espacio" a estos funcionarios. En lo que respecta al Artículo 14 de la Ley para la Protección de la Propiedad Vehicular, ante, se enmendó el mismo para disponer que, cuando ocurriera una o más de las situaciones allí mencionadas, los agentes del orden público tendrían un término, que no excedería de treinta (30) días, para retener el vehículo o pieza del mismo mientras completaban la investigación criminal.

Se enmendó, además, el Artículo 4 de la Ley Uniforme de Confiscaciones, ante, modificándose el punto de partida desde el cual comienza a decursar el término para notificar la confiscación, de modo que este ya no se compute a partir de la ocupación de la propiedad. Se dispuso, además, que

_____

[10] El Artículo 4 de la Ley Uniforme de Confiscaciones disponía lo siguiente:

La notificación se hará en forma fehaciente, dentro de los quince (15) días siguientes a la ocupación, mediante su envío por correo con acuse de recibo a la dirección conocida del dueño,

**(Continúa . . .)**

dichos agentes debían redactar un informe producto de la investigación realizada. Se estableció que, a partir de la entrega de este informe, es que comenzará a transcurrir el término de quince (15) días que tiene el Estado para notificar la confiscación.

Dicho de otra manera, en relación con ambas vías confiscatorias --la establecida por el Artículo 2 de la Ley Uniforme de Confiscaciones y la dispuesta por el Artículo 14 de la Ley para la Protección de la Propiedad Vehicular-- se requiere una investigación de parte de los agentes del orden público y la preparación de un informe por parte de dichos agentes dentro del término de treinta (30) días.

El Estado, entonces, vendrá en la obligación de notificar la confiscación a las partes interesadas dentro del término de quince (15) días, contado dicho término a partir de la fecha de entrega del informe.

Es correcto que la Ley Núm. 32 de 14 de enero de 2000 se aprobó, entre otros fines, para añadir un segundo párrafo al citado Artículo 4 de la Ley Uniforme de Confiscaciones. Este segundo párrafo menciona, específicamente, los casos de confiscaciones al amparo de la Ley para la Protección de la Propiedad Vehicular. Esta enmienda en nada altera lo ya dispuesto por la enmienda de la Ley Núm. 95 del 20 de marzo de 1999. De hecho, la misma constituye la "mejor evidencia" de la intención legislativa, esto es, que en las dos

_____

encargado o persona con derecho o interés en la propiedad ocupada.

situaciones contempladas por nuestro ordenamiento jurídico en relación con las confiscaciones --aquellas bajo el Artículo 2 de la Ley Uniforme de Confiscaciones y las llevadas a cabo bajo el Artículo 14 de la Ley para la Protección de la Propiedad Vehicular-- el término de los quince (15) días que tiene el Estado para notificar a las partes interesadas de la confiscación comenzará a decursar a partir de la entrega del informe que vienen en la obligación de rendir los funcionarios correspondientes en ambas situaciones.

Como sabemos, el deber del Estado de notificar la confiscación a las partes con interés es requisito fundamental del debido proceso de ley. Somos del criterio que la Asamblea Legislativa, por entender que no era necesario hacer referencia específica a todas las instancias en que un vehículo de motor puede estar sujeto a confiscación, enmendó el Artículo 4 de la Ley Uniforme de Confiscaciones para que su primer párrafo aplicara de forma general a todas aquellas instancias en el que el Estado, a través del Departamento de Justicia, pueda confiscar un vehículo de motor amparado en el Artículo 2 de la Ley Uniforme de Confiscaciones y que, el segundo párrafo, aplicara de forma específica a las confiscaciones de vehículos de motor amparadas en el Artículo 14 de la Ley para la Protección de la Propiedad Vehicular. En ambas instancias, sin embargo, se empleara el mismo procedimiento de notificación de la confiscación. No tenemos duda de que

el propósito del legislador, al enmendar ambos artículos, fue impartirle uniformidad a los procedimientos de confiscación y de notificación de los mismos.

Resolvemos, en consecuencia, que en todo tipo de confiscaciones de vehículos de motor --independientemente del propósito o fin ilegal para el que se utilice el bien confiscado-- se requiere que los agentes del orden público realicen una investigación para los fines correspondientes y que redacten un informe producto de la misma, informe que deberá ser realizado y entregado dentro del término de treinta (30) días de haber sido ocupado el vehículo. Resolvemos, además, que, a partir de la entrega de este informe a la División de Confiscaciones del Departamento de Justicia, comenzará a decursar el término de quince (15) días que tiene el Estado para notificar de tal confiscación a las partes con interés.

IV

Por los fundamentos antes expuestos, procede dictar Sentencia revocatoria de la emitida en el presente caso por el Tribunal de Apelaciones y devolver el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de forma consistente con lo aquí dispuesto.

Se dictará Sentencia de conformidad.

FRANCISCO REBOLLO LÓPEZ
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


First Bank y Universal
Insurance Company

    Demandantes-recurridas

        vs.                  CC-2003-694     CERTIORARI

Estado Libre Asociado de Puerto
Rico, Secretario de Justicia y
Superintendente de la Policía

    Demandados-peticionarios


SENTENCIA

En San Juan, Puerto Rico, a 2 de junio de 2005


Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia revocatoria de la emitida en el presente caso por el Tribunal de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de forma consistente con lo aquí dispuesto.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri concurre con el resultado sin opinión escrita.


Aida Ileana Oquendo Gralau
Secretaria del Tribunal Supremo