

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Banco Bilbao Vizcaya y Caribbean Alliance Inc. Co.<br><br>Recurridos<br><br><br>v.<br><br><br>Estado Libre Asociado de Puerto Rico y otros<br><br>Peticionario | Certiorari<br><br>2011 TSPR 7<br><br>180 DPR \_\_\_\_ |

Número del Caso: CC-2010-100


Fecha: 18 de enero de 2011

Tribunal de Apelaciones:

     Región Judicial de San Juan Panel I


Juez Ponente:

     Hon. Luis R. Piñero González

Oficina del Procurador General

     Lcda. Rosa Elena Pérez Agosto
     Procuradora General Auxiliar


Abogado de la Parte Apelada:

     Lcdo. Luis A. Carrión Tavárez
     Lcdo. Iván Aponte Figueroa


Materia: Impugnación de Confiscación

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Banco Bilbao Vizcaya y
Caribbean Alliance Ins. Co.

    Recurridos

      v.                     CC-2010-100      Certiorari

Estado Libre Asociado
de Puerto Rico y otros

    Peticionarios

Opinión del Tribunal emitida por el Juez Presidente SEÑOR HERNÁNDEZ DENTON

San Juan, Puerto Rico, a 18 de enero de 2011.

El presente caso requiere que aclaremos si un día libre con cargo a vacaciones, concedido a los empleados de la Rama Ejecutiva y la Rama Judicial, extendió el término de treinta (30) días que tiene el Estado para notificarle al acreedor condicional de un vehículo de motor que el mismo fue confiscado, según dispuesto en el Art. 3 de la Ley Uniforme de Confiscaciones, Ley Núm. 93 de 13 de julio de 1988, 34 L.P.R.A. sec. 1723a. Por entender que dicho término debió extenderse hasta el próximo día laborable, revocamos la sentencia del foro apelativo intermedio que resolvió lo contrario.

I.

El 28 de octubre de 2008, el Estado Libre Asociado de Puerto Rico (E.L.A.) confiscó un vehículo Mercedes Benz del 2005 perteneciente al Sr. Edgar Rivera Díaz, quien adquirió el mismo mediante un contrato de venta condicional suscrito entre éste y el Banco Bilbao Vizcaya (B.B.V.). La confiscación se realizó debido a que, alegadamente, el referido vehículo fue utilizado para cometer infracciones a los Arts. 404 y 406 de la Ley de Sustancias Controladas, 24 L.P.R.A. secs. 2404 y 2406.

El 1 de diciembre de 2008, el E.L.A. notificó la confiscación del vehículo a las partes afectadas por la misma. Inconforme con la fecha de notificación, y por entender que ya había vencido el término dispuesto por ley para dicho proceder, el B.B.V. y su aseguradora presentaron una demanda de impugnación de confiscación ante el Tribunal de Primera Instancia (T.P.I.).

El foro de instancia resolvió que, como los treinta (30) días comienzan a partir de la ocupación del vehículo, este término venció el 28 de noviembre de 2008. No obstante, como el E.L.A. no realizó la notificación hasta el 1 de diciembre de 2008, concluyó que ésta fue inválida y la confiscación fue nula.

Inconforme con dicho dictamen, el E.L.A. acudió oportunamente ante el Tribunal de Apelaciones mediante recurso de apelación y expresó que por haberse ocupado el vehículo el 28 de octubre de 2008, el último día para hacer

la notificación era el jueves, 27 de noviembre de 2008, Día de Acción de Gracias. Por lo tanto, alegó que el término se extendió automáticamente hasta el viernes, 28 de noviembre de 2008. Dicho viernes fue concedido por el Gobernador como un día libre con cargo a vacaciones para los empleados de la Rama Ejecutiva. Los empleados de la Rama Judicial también tuvieron ese día libre. A raíz de ello y mediante Resolución, extendimos los términos vencederos el 28 de noviembre de 2008, al 1 de diciembre de 2008. In re Extensión de Términos por motivo de concesión del viernes 28 de noviembre de 2008, res. el 26 de noviembre de 2008, 2008 T.S.P.R. 182. Por esto, según arguye el E.L.A., el último día para hacer la correspondiente notificación debió extenderse automáticamente al próximo día laborable. Como los días 29 y 30 de noviembre fueron sábado y domingo, el último día disponible para hacer la notificación debió ser el lunes, 1 de diciembre de 2008, día en que finalmente se hizo.

Por su parte, el foro apelativo intermedio confirmó la sentencia apelada. Al hacerlo, aclaró que, precisamente por no ser un "día de fiesta" fue que tanto el Gobernador como este Tribunal tuvieron que hacer una expresión concediendo el día libre y que, por ello, se debió hacer la notificación en o antes del viernes, 28 de noviembre de 2008.

Inconforme aún, el E.L.A. acude ante nos y solicita que revoquemos la sentencia del Tribunal de Apelaciones. En

esencia, el E.L.A. alega los mismos argumentos presentados ante el foro apelativo intermedio.

Examinado el recurso, acordamos expedir. Contando con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

II.

En primer lugar, atendemos el asunto de cuándo comienza a transcurrir el término de treinta (30) días para efectuar la notificación de una confiscación a las partes con interés en la propiedad ocupada.

El Art. 2 de la Ley Uniforme de Confiscaciones, 34 L.P.R.A. sec. 1723, según enmendada, dispone que cierta propiedad que sea utilizada en relación a la comisión de un delito, incluidos algunos delitos bajo la Ley de Sustancias Controladas, *supra*, podrá ser confiscada a favor del E.L.A. Dicho estatuto se aprobó con el propósito de evitar que la propiedad utilizada con fines ilícitos continuara siendo utilizada por criminales y como disuasivo para éstos. Véase Exposición de Motivos de la Ley Uniforme de Confiscaciones, 1988 Leyes de Puerto Rico pág. 409; General Accident Ins. Co. v. E.L.A., 137 D.P.R. 466 (1994). Como hemos expresado, el procedimiento de confiscación, es de carácter *in rem*; es decir, va dirigido contra la cosa misma, y no contra el dueño de la propiedad, su poseedor, encargado o cualquier otra persona con algún interés legal sobre ésta. Del Toro Lugo v. E.L.A., 136 D.P.R. 973 (1994). General Accident Ins. Co. v. E.L.A., *supra*, pág. 471; Negrón v. Srio. de

<u>Justicia</u>, 154 D.P.R. 79 (2001). Por ello, si cualquier persona con interés legal sobre un vehículo, voluntariamente ha puesto el mismo en posesión de alguna persona que lo utilice para actos delictivos, los derechos de aquellos corren la suerte del uso a que el infractor pueda someter el vehículo. <u>General Accident Ins. Co. v. E.L.A.</u>, *supra*; <u>Negrón v. Srio. de Justicia</u>, *supra*. La misma Ley Uniforme de Confiscaciones, *supra*, dispone el procedimiento a seguir siempre que se ocupe cualquier propiedad sobre la cual el Estado tenga la facultad de confiscar. 34 L.P.R.A. sec. 1723a.

Cuando la propiedad confiscada es un vehículo de motor, hemos expresado que el funcionario de la agencia del orden público, bajo cuya autoridad se efectúa la ocupación, está obligado a notificar este hecho al dueño, según consta en el Registro de Vehículos del Departamento de Transportación y Obras Públicas y al acreedor condicional que a la fecha de la ocupación haya presentado su contrato para ser archivado en dicho Registro. <u>First Bank v. E.L.A.</u>, 164 D.P.R. 835, pág. 844 (2005). A tales efectos, el Art. 4 de la Ley Uniforme de Confiscaciones, *supra*, que fue enmendado por la Ley Núm. 345 de 16 de septiembre de 2004, 34 L.P.R.A. sec. 1723b, reglamenta el procedimiento a seguir para hacer la notificación ya mencionada. Para ello, dispone, en lo pertinente, que:

> La notificación se hará en forma fehaciente dentro de los treinta (30) días siguientes a la ocupación de la propiedad mediante el envío por correo certificado a

la dirección conocida del dueño, encargado o persona con derecho o interés en la propiedad ocupada. *Íd.*

El requisito de notificación a cada una de las personas con interés sobre la propiedad confiscada responde a la necesidad de salvaguardar sus derechos constitucionales y permitirle traer defensas o argumentos contra la confiscación. Pueblo v. Echevarría Arroyo, 157 D.P.R. 158 (2002); First Bank v. E.L.A., *supra*. El estatuto provee, además, un procedimiento expedito para la impugnación de la confiscación, que le impone al Estado un requisito estricto de notificación para poder validar su actuación. Véase 34 L.P.R.A. secs. 1723a y 1723f.

Considerado el asunto de cuándo comienza a transcurrir el término de los treinta (30) días para efectuar la notificación en cuestión, debemos atender el asunto de cuándo debió vencer dicho término.

La Regla 68.1 de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. III R. 68.1, disponía en lo referente a la forma de computar términos que el último día de un término se incluirá siempre que no sea sábado, domingo ni día de fiesta legal. Cuando ello ocurra, corresponde que se extienda el plazo hasta el fin del próximo día que no sea sábado, domingo, ni día "legalmente feriado". *Íd.* La nueva Regla 68.1 de Procedimiento Civil de 2009 dispone que:

> **En el cómputo de cualquier término concedido por estas reglas, o por orden del tribunal o por cualquier estatuto aplicable,** no se contará el día en que se realice el acto, evento o incumplimiento después del cual el término fijado empieza a

transcurrir. **El último día del término así computado se incluirá siempre que no sea sábado, domingo ni día de fiesta legal, extendiéndose entonces el plazo hasta el fin del próximo día que no sea sábado, domingo ni día legalmente feriado.** También podrá suspenderse o extenderse cualquier término cuando el Tribunal Supremo de Puerto Rico lo decrete mediante resolución. Cuando el plazo concedido sea menor de siete (7) días, los sábados, domingos o días de fiesta legal intermedios se excluirán del cómputo. Medio día feriado se considerará como feriado en su totalidad. 32 L.P.R.A. Ap. V R. 68.1. (Énfasis suplido).

Un "término" es un plazo de tiempo concedido en virtud de una ley para realizar determinado acto procesal, cuyo incumplimiento conlleva alguna sanción que puede fluctuar desde que un juez resuelva un incidente sin contar con determinado argumento, hasta la pérdida de algún derecho. R. Hernández Colón, <u>Práctica Jurídica de Puerto Rico: Derecho Procesal Civil</u>, 5ta. ed., San Juan, Lexisnexis, 2010, sec. 1801, pág. 197. Esa gradación de sanciones que conlleva el incumplimiento es la que nos ha llevado a establecer los conceptos de términos discrecionales, directivos, de estricto cumplimiento y términos fatales o jurisdiccionales. *Íd.*

En nuestro ordenamiento, el Art. 387 del Código Político, 1 L.P.R.A. sec. 71, faculta al Gobernador para conceder un "día de fiesta", pues ello incide sobre la extensión de los términos. La extensión de los términos, a su vez, está regulada por el Art. 388 del referido Código, 1 L.P.R.A. sec. 72. Véase J.A. Cuevas Segarra, <u>Tratado de</u>

<u>Derecho Procesal Civil</u>, San Juan, Pub. J.T.S., 2000, T.2, págs. 1153-54.

En específico, el Art. 388 del Código Político, *supra,* dispone que "[e]l tiempo en que cualquier acto prescrito por la ley debe cumplirse, **se computará excluyendo el primer día e incluyendo el último, a menos que éste sea día de fiesta, en cuyo caso será también excluido**". 1 L.P.R.A. sec. 72. (Énfasis suplido.) Cónsono con ello, el Art. 387 del Código Político dispone que:

> **Los días de fiesta, en el sentido de las secs. 71 a 73 de este título, son**: los domingos, el primero de enero, el día veintidós de febrero, el día veintidós de marzo, el Viernes Santo, el día treinta de mayo, el cuatro de julio, el veinticinco de julio, el primer lunes de septiembre, que será conocido como el día de la fiesta del trabajo, el día veinticinco de diciembre, todos los días en que se celebren elecciones generales en la Isla y **cada día fijado por el Presidente de los Estados Unidos, por el Gobernador de Puerto Rico, o por la Asamblea Legislativa, para la celebración de día de ayuno, día de acción de gracias o día de fiesta**. Siempre que cualquiera de dichos días ocurriere en domingo, será día de fiesta el lunes siguiente. 1 L.P.R.A. sec. 71. (énfasis suplido).

Esto es, que conforme al Art. 387 del Código Político, *supra*, el Gobernador puede declarar un día de fiesta para propósitos de la extensión del término del Art. 388 del mismo Código. De la misma forma, es importante tener presente que en la Resolución de este Tribunal del 26 de noviembre de 2008, reconocimos el día viernes, 28 de noviembre de 2008, como un día feriado para los tribunales. Allí expresamos que **"[c]ualquier término a vencer ese día**

**se extenderá hasta el lunes, 1 de diciembre de 2008"**. In re Extensión de Términos por motivo de concesión del viernes 28 de noviembre de 2008, res. el 26 de noviembre de 2008, 2008 T.S.P.R. 182. (Énfasis suplido).

En vista de esto, es importante recalcar que el uso y costumbre de este Tribunal ha sido extender los términos dispuestos en las distintas leyes y reglas aplicables a los procedimientos judiciales cuando se decreta un día libre con cargo a vacaciones para la Rama Judicial. A modo de ejemplo, hemos ordenado la extensión de los términos vencederos el 24 de diciembre en años anteriores. Para ello, hemos expresado que "en virtud de nuestra facultad para reglamentar los procedimientos judiciales, al computar los términos dispuestos en las distintas leyes y reglas aplicables a los procedimientos y trámites judiciales, se aplicará lo dispuesto por los Arts. 388 y 389 del Código Político de 1902, 1 L.P.R.A. secs. 72 y 73". Medidas Especiales para la Extensión de Términos por Motivo del Medio Día Feriado del 24 de diciembre, 160 D.P.R. 768 (2003); In re Extensión de Términos por motivo de la mañana del 24 y el día 31 de diciembre de 2007, res. 20 de diciembre de 2007, 2007 T.S.P.R. 229.

Del mismo modo, ha habido ocasiones en que hemos extendido los términos cuando un Gobernador ha concedido días libres con cargo a vacaciones para la Rama Ejecutiva. En Medidas Especiales para la Extensión de Términos para el periodo comprendido entre el 1ero al 6 de enero de 2004,

160 D.P.R. 817 (2003), sostuvimos que "la Gobernadora del Estado Libre Asociado de Puerto Rico, Hon. Sila M. Calderón, en virtud de las facultades que le han sido conferidas por el precitado Art. 387 del Código Político, concedió libres con cargo a vacaciones, los días 2 al 5 de enero de 2004, a todos los empleados del servicio público. … A tales efectos y en virtud de nuestra facultad para reglamentar los procedimientos judiciales, al computar los términos dispuestos en las distintas leyes, se aplicará lo dispuesto en los Arts. 388 y 389 del Código Político de 1902…". *Íd*.

Al igual que en el caso de autos, también ha sido nuestra costumbre extender los términos vencederos el viernes después del Día de Acción de Gracia. Véase *In re Extensión de Términos por motivo de concesión del viernes 24 de noviembre de 2006*, res. el 21 de noviembre de 2006, 2006 T.S.P.R. 172; *In re Extensión de Términos por motivo del 28 de noviembre de 2003*, 160 D.P.R. 741 (2003).

III.

El día libre con cargo a vacaciones concedido por el Gobernador para la Rama Ejecutiva, y nuestra Resolución extendiendo los términos vencederos ese día, causaron el mismo efecto legal que el "día legalmente feriado" concebido por nuestras Reglas de Procedimiento Civil, *supra*, y un "día de fiesta", según el Código Político de Puerto Rico, *supra*. Por ello, concluimos que el día libre con cargo a vacaciones, tal como ha sido el uso y costumbre

de este Tribunal, tuvo el efecto de extender el término para realizar la notificación de la confiscación. De esa forma, resolvemos que la notificación al B.B.V. fue hecha oportunamente.

De una parte, el día libre concedido por el Gobernador recae dentro de la facultad que le reconoce el Art. 387 del Código Político, *supra*, y, por lo tanto, debe tener el mismo efecto legal que los "días de fiesta", al ser excluido de cualquier cómputo, según dispone el Art. 388 del mismo Código, *supra*. Por otra parte, la Resolución del 26 de noviembre de 2008, que extendió los términos vencederos del 27 y 28 de noviembre al 1 de diciembre de ese año, tuvo el mismo efecto sobre el término en cuestión. In re Extensión de Términos por motivo de concesión del viernes 28 de noviembre de 2008, *supra*.

En el presente caso, la ocupación del vehículo ocurrió el 28 de octubre de 2008, fecha en que comenzó a transcurrir el término de los treinta (30) días para hacer la notificación al acreedor condicional. Por ende, el término estaba supuesto a vencer el 27 de noviembre de 2008, Día de Acción de Gracias. El término se extendió automáticamente hasta el viernes, 28 de noviembre de 2008. Al ser un día libre tanto para la Rama Ejecutiva como para la Rama Judicial, los términos se extendieron al próximo día laborable. Como los días 29 y 30 de noviembre fueron sábado y domingo, el último día disponible para hacer la

notificación debió ser el lunes, 1 de diciembre de 2008, día en que finalmente se hizo.

Por los fundamentos antes expuestos, se revoca la sentencia del Tribunal de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia para que continúen los procedimientos de ordinario, según lo aquí dispuesto.

Se dictará Sentencia de conformidad.


Federico Hernández Denton
Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Banco Bilbao Vizcaya y
Caribbean Alliance Ins. Co.

    Recurridos

       v.                     CC-2010-100      Certiorari

Estado Libre Asociado
de Puerto Rico y otros

    Peticionarios

SENTENCIA

San Juan, Puerto Rico, a 18 de enero de 2011.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se revoca la sentencia del Tribunal de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia para que continúen los procedimientos, según lo aquí dispuesto.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo